IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY FISHMAN and SUSAN FARIA, individually and on behalf of others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TIGER NATURAL GAS, INC. and COMMUNITY GAS CENTER INC.,<br><br>Defendants. | No. C 17-05351 WHA<br><br>**ORDER GRANTING IN PART MOTION FOR LEAVE TO AMEND** |

**INTRODUCTION**

In this putative class action, plaintiffs move for leave to amend the complaint. To the extent set forth below, plaintiffs' motion is **GRANTED**.

**STATEMENT**

Defendant Tiger Natural Gas, Inc. is a core transport agent that supplies natural gas to customers using PG&E's distribution network. Prior to 2015, plaintiffs Susan Faria and Emily Fishman purchased natural gas from PG&E. Around April and August of that year, respectively, Tiger, through its agent defendant Community Gas Center Inc., called plaintiffs to solicit them to buy natural gas through Tiger's price protection program. During those sales calls, defendants represented that Tiger customers would be charged a variable rate for natural gas based on the market price, but with a price cap of $0.69 per therm. Plaintiffs allege that

defendants made several misrepresentations during these calls which, among other things, violated PG&E Gas Rule 23.

In August 2017, plaintiff Fishman filed her original complaint against Tiger in state court, which action Tiger removed to this district. After Tiger sought to dismiss Fishman's original complaint, Fishman filed a first amended complaint in which Faria intervened as a plaintiff and Community Gas Center was named as a new defendant. The parties eventually stipulated to plaintiffs filing a second amended complaint. An order dated March 8, 2018, dismissed plaintiffs' TCPA and third-party beneficiary contract claims and struck plaintiffs' related allegations. The March 8 order gave plaintiffs an opportunity to seek leave to amend the dismissed claims. Plaintiffs now file the instant motion for leave to amend and append a proposed third amended complaint (Dkt. Nos. 1, 13, 29, 82, 85). This order follows full briefing and oral argument.

**ANALYSIS**

FRCP 15(a)(2) advises, "The court should freely give leave when justice so requires." In ruling on a motion for leave to amend, courts consider: (1) bad faith, (2) undue delay, (3) prejudice to the opposing party, (4) futility of amendment, and (5) whether the plaintiff has previously amended their complaint. Futility alone can justify denying leave to amend. *Nunes v. Ashcroft*, 375 F.3d 805, 808 (9th Cir. 2004). For purposes of assessing futility on this motion, the legal standard is the same as it would be on a motion to dismiss under FRCP 12(b)(6). *Miller v. Rykoff-Sexton, Inc.*, 845 F.2d 209, 214 (9th Cir. 1988).

The proposed third amended complaint seeks to amend plaintiffs' third-party beneficiary contract claims and add claims for violations of PG&E Gas Rule 23 and regulations concerning core transport agents. Tiger opposes the proposed amendments, arguing that the amendments are futile and prejudicial.

**1.    THIRD-PARTY BENEFICIARY CONTRACT CLAIM.**

The March 8 order dismissed plaintiffs' third-party beneficiary contract claim on the ground that the contract alleged — Gas Rule 23 — was a tariff, not an enforceable contract. Plaintiffs' proposed amended complaint remedies this deficiency by asserting a breach of

contract claim under the Core Gas Aggregation Service Agreement entered into between Tiger and PG&E, which contract incorporates Gas Rule 23's consumer protection provisions into the Agreement's terms (Third Amd. Compl. ¶ 153). This order now addresses whether plaintiffs' proposed amendment sufficiently alleges that they are third-party beneficiaries of the CGAS Agreement.

In California, "a person seeking to enforce a contract as a third party beneficiary must plead a contract which was made expressly for his or her benefit and one in which it clearly appears that he or she was a beneficiary." *Schauer v. Mandarin Gems of Cal., Inc.*, 125 Cal. App. 4th 949, 957 (2005) (quotations omitted); Cal. Civ. Code § 1559. A contract made expressly for a third party's benefit does not need to specifically name the party as the beneficiary. The only requirement is that the party is "more than incidentally benefitted by the contract." *Shell v. Schmidt*, 126 Cal. App. 2d 279, 290 (1954). Moreover, a third party beneficiary may enforce a contract expressly made for her benefit although the contract may not have been made to benefit her alone. *Murphy v. Allstate Ins. Co.*, 17 Cal. 3d 937, 943 (1976).

Plaintiffs argue that the consumer protection provisions incorporated into the CGAS Agreement demonstrate the parties' intent that the contract benefit consumers (including plaintiffs). In response, Tiger argues that the four corners of the CGAS Agreement indicate that the contract was made for PG&E's own benefit. This order finds plaintiffs' position more convincing. To be sure, absent the agreement's incorporated attachments, the contract would primarily concern the allocation of pipeline and storage capacity and the payment of associated costs. But Tiger also "agree[d] to abide by" the terms of Gas Rule 23 and Schedule G-CT, which were incorporated by reference. These, in turn, contain several consumer protection provisions, including a prohibition that Tiger "not with dishonest, fraudulent, or deceitful intent act . . . to disadvantage customers." Gas Rule 23 also explicitly contemplates consumers bringing complaints if they believe that Tiger violated these consumer protection provisions. It is hard to see how, as Tiger suggests, Gas Rule 23 inures only to the benefit of PG&E. Clearly, consumers were intended beneficiaries of these provisions. The allegations in plaintiffs'

3

proposed complaint are therefore sufficient to bring a claim for breach of contract as third-party beneficiaries. Plaintiffs' motion to amend this claim is **GRANTED**.

### 2. GAS RULE 23 AND REGULATIONS ON CORE TRANSPORT AGENT CLAIMS.

Plaintiffs' proposed amended complaint also asserts claims for violations of Gas Rule 23 and the California Public Utilities Code's regulations on Core Transport Agents. Tiger first argues that the March 8 order did not permit plaintiffs to add new claims and that plaintiffs' failure to raise these claims in earlier complaints is prejudicial. While Tiger is correct that the March 8 order permitted plaintiffs to seek leave to amend their *dismissed* claims, not add new ones, this action's case management order allowed plaintiffs to seek leave to amend their pleading by May 3. Plaintiffs timely moved for leave to amend pursuant to these orders. Moreover, because Tiger has had notice of the general issues and facts upon which plaintiffs' claims are based, it will not be prejudiced by amendment.

Tiger next argues that plaintiffs' failure to raise these claims in prior complaints denied it the opportunity to brief whether these claims implicate the exclusive jurisdiction of the California Public Utilities Commission under Section 1759(a) of the California Public Utilities Code — an issue raised in Tiger's earlier motion to dismiss. To the contrary, Tiger had an opportunity to raise such arguments in opposing leave to amend. It declined to do so.

In any event, the March 8 order explained that Section 1759(a) does not prevent courts from entertaining actions which seek to enforce, rather than challenge, obligations created by the CPUC. *N. Star Gas Co. v. Pac. Gas & Elec. Co.*, No. 15-cv-02575, 2016 WL 5358590, at *13 (N.D. Cal. Sept. 26, 2016) (Judge Haywood Gilliam, Jr.). Here, plaintiffs assert that Tiger violated the express provisions of Gas Rule 23 and the Public Utilities Code by misrepresenting aspects of Tiger's price protection program and failing to send plaintiffs required written terms and conditions. These claims do not present complex questions of interpretation, require the application of ambiguous provisions, or require decisions on policy questions. A damages award as to plaintiffs' claims would accordingly not hinder or impede any policy adopted by the CPUC. *See ibid.*

4

At the hearing on plaintiffs' motion, Tiger argued that the exercise of jurisdiction over these claims would be inconsistent with decisions in this district which have previously addressed Gas Rule 23 and the CGAS Agreement. Importantly, however, those actions were brought by core transport agents against PG&E, they did not involve claims by consumers against a core transport agent, as is the case here. In *United Energy Trading, LLC v. Pacific Gas & Electric Company*, 146 F. Supp. 3d 1122 (N.D. Cal. 2015) (Judge Richard Seeborg) ("*UTE*"), the plaintiff, a core transport agent, brought a breach of contract claim based on PG&E's alleged violation of Gas Rule 23's requirement that PG&E collect payments from natural gas customers. Although *UTE* found that adjudication of the breach of contract claim would require construing PG&E's obligations under the Gas Rules, which could in turn "interfere with the CPUC's exercise of its authority," this finding was part of the district court's determination that the claim fell within the CGAS Agreement's forum-selection provision, which required that "[c]omplaints against the utility arising out of" the agreement be adjudicated by the CPUC. *Id.* at 1135. *North Star* later addressed a breach of contract claim against PG&E based on the very same contract and the very same provisions of Gas Rule 23 that were at issue in *UTE*, and explicitly found that the district court did not lack jurisdiction under Section 1759(a). Like *UTE*, however, *North Star* concluded that the CGAS Agreement's forum-selection provision compelled the core transport agent to bring its breach of contract claim before the CPUC. *North Star*, 2016 WL 5358590, at *14–17.

The same forum-selection clause is at issue in this case: "Complaints against *the utility* arising out of [the CGAS Agreement] shall be enforced only under the provisions of Section 1702 of the Public Utilities Code" (emphasis added). But plaintiffs are not bringing claims against *the utility*. Instead, plaintiffs are bringing claims against a core transport agent. Tiger fails to explain how, under these clear terms, plaintiffs' claims are subject to the CGAS Agreement's forum-selection clause. Because the Court does not lack jurisdiction to hear these claims under Section 1759(a), and because plaintiffs' claims are not implicated by the CGAS Agreement's forum-selection clause, plaintiffs' motion for leave to add these claims to their amended complaint is **GRANTED**. If, as this action proceeds, there is a need to interpret or

5

apply complex or ambiguous provisions of Gas Rule 23 or Schedule G-CT, Tiger may renew its argument that the undersigned judge lacks jurisdiction to adjudicate plaintiffs' claims.

### 3. OTHER PROPOSED AMENDMENTS.

In addition to those discussed above, plaintiffs' proposed third amended complaint contains several other amendments. To the extent Tiger's opposition fails to specifically address any proposed amendment, plaintiffs' motion is **GRANTED**. This order now addresses those additional amendments which Tiger has opposed.

*First*, the March 8 order dismissed plaintiffs' TCPA claims and struck from the complaint allegations related to those claims. Although plaintiffs do not seek leave to amend their TCPA claims, the proposed amended complaint contains allegations concerning the Do Not Call List and includes a proposed sub-class of consumers who received sales calls while registered on that list. Plaintiffs argue that these allegations remain relevant, even absent a TCPA claim, because sales calls to numbers on the Do Not Call List violate other statutes and regulations which serve as predicates for plaintiffs' Section 17200 claims. While Tiger is correct that the March 8 struck these allegations as related to plaintiffs' TCPA claims, plaintiffs failed to explain the relevance of their Do Not Call List allegations to their Section 17200 claims in opposing Tiger's motion to strike. With the benefit of these additional arguments, this order agrees that these allegations are relevant to plaintiffs' Section 17200 claims and accordingly may be included in the third amended complaint.

*Second,* Tiger argues that plaintiffs lack standing to bring a claim for violation of Section 632.7 of the California Penal Code, which section of the California Recording Law prohibits recording communications transmitted to cellular phones. Plaintiffs do not dispute that they received sales calls on their landlines, not cellular phones, but argue that their standing to sue under Section 632(a) of the California Recording Law also affords them standing to bring claims under Section 632.7 because "[t]he damages are the same." Contrary to plaintiffs, "[n]amed plaintiffs must allege and show that they personally have been injured, not that injury has been suffered by other, unidentified members of the class to which they belong." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1547 n.6 (2016) (citation omitted). Moreover, "a plaintiff must

demonstrate standing for each claim [she] seeks to press and for each form of relief that is sought." *Davis v. Fed. Election Comm'n*, 554 U.S. 724, 734 (2008) (citations and internal quotations omitted). Because plaintiffs have not alleged any injury as a result of defendants' purported violation of Section 632.7, they lack standing to bring a claim under that statute. Plaintiffs' claim for violation of Section 632.7 may not be added to the complaint.

*Third*, plaintiffs' proposed amended complaint adds: (1) John Dyet — defendant Community Gas Center's principal — as an individual defendant; (2) 50 "DOE" defendants representing additional, unknown telemarketing agents; and (3) allegations clarifying the scope of the putative class. At the hearing on Tiger's motion to dismiss, the Court relayed that it would not permit plaintiffs additional time — beyond that anticipated by the case management order — to add new parties. The case management order, in turn, gave the parties until May 3 to request such amendments. Because plaintiffs timely filed their motion for leave to amend, Tiger has not shown prejudice by the amendment. Moreover, the operative complaint already defined the putative class as consisting of "California consumers and businesses." The proposed complaint's clarification that the putative class is not limited to consumers in Northern California does not expand the definition of the putative class.

## CONCLUSION

To the extent set forth above, the motion for leave to amend is **GRANTED**. Plaintiffs must file an amended complaint consistent with this order by **JUNE 11**. Please, no more FRCP 12 practice.

**IT IS SO ORDERED.**

Dated: June 4, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE