Kimberly A. Kralowec (State Bar No. 163158)
Kathleen Styles Rogers (State Bar No. 122853)
KRALOWEC LAW P.C.
44 Montgomery Street, Suite 1210
San Francisco, CA 94104
Tel: (415) 546-6800
Fax: (415) 546-6801
Email: kkralowec@kraloweclaw.com
        krogers@kraloweclaw.com

Daniel L. Balsam (State Bar No. 260423)
THE LAW OFFICES OF DANIEL BALSAM
2601C Blanding Avenue #271
Alameda, CA 94501
Tel: (415) 869-2873
Fax: (415) 869-2873
Email: legal@danbalsam.com

Jacob Harker (State Bar No. 261262)
LAW OFFICES OF JACOB HARKER
582 Market Street, Suite 1007
San Francisco, CA 94104
Tel: (415) 624-7602
Fax: (415) 684-7757
Email: jacob@harkercounsel.com

Attorneys for Plaintiffs and the Proposed Class

## UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF CALIFORNIA (SAN FRANCISCO DIVISION)

| | |
|---|---|
| EMILY FISHMAN *et al*, | ) Case No.     3:17-cv-05351-WHA |
| | ) |
| Plaintiffs, | ) **PLAINTIFFS' NOTICE OF MOTION** |
| | ) **AND MOTION TO STRIKE / MOTION** |
| vs. | ) **FOR MORE DEFINITE STATEMENT AS** |
| | ) **TO TIGER'S ANSWER** |
| TIGER NATURAL GAS INC. *et al*, | ) |
| | ) **Fed. R. Civ. Proc. 12(f), 12(e)** |
| Defendants. | ) |
| | ) Date:          August 23, 2018 |
| | ) Time:          8:00 am |
| | ) Courtroom:   12 – 19th Floor |
| | ) Judge:         William H. Alsup |

**i**

# NOTICE OF MOTION AND MOTION FOR LEAVE TO AMEND COMPLAINT

PLAINTIFFS HEREBY PROVIDE NOTICE that on August 23, 2018, in Courtroom 12 of the United States District Court, located at 450 Golden Gate Avenue, San Francisco, CA 94102 at 8:00 a.m., or as soon thereafter as the matter may be heard, Plaintiffs Emily Fishman *et al* will and hereby do move this Court pursuant to Federal Rules of Civil Procedure 12(f) and 12(e) to strike the factually and legally insufficient affirmative defenses, and the purported affirmative defenses that are not really affirmative defenses, from the Answer filed by Defendant Tiger Natural Gas Inc. ("Tiger") (Docket #106), with leave to amend for Tiger to state more definite facts, if it can, to support certain of the affirmative defenses, as noted.

The Motion will be based on this Notice of Motion and Motion, the Memorandum of Points and Authorities, oral argument, prior pleadings and motions in the Action, and all other matters as may properly be considered.

THE LAW OFFICES OF DANIEL BALSAM

Dated:  July 7, 2018          */s/ Daniel L. Balsam*
                              Daniel L. Balsam
                              Attorney for Plaintiffs and the Proposed Class

ii

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE / MOTION FOR MORE DEFINITE STATEMENT AS TO TIGER'S ANSWER (3:17-CV-05351-WHA)**

# TABLE OF CONTENTS

**Page**

Table of Contents....................................................................................................iii

Table of Authorities ............................................................................................... vi

I.     INTRODUCTION.............................................................................................1

II.    STATEMENT OF FACTS / PROCEDURAL HISTORY ............................1

III.   LEGAL STANDARD .....................................................................................2

      A.     Federal Rules of Civil Procedure 8, 12(f), and Rule 12(e) ................2

      B.     *Twombly* and *Iqbal* Require Factual Allegations in a Pleading.................2

      C.     *Twombly* and *Iqbal* Also Apply to Affirmative Defenses .......................3

IV.   DISCUSSION .................................................................................................4

      A.     Tiger's First Affirmative Defense – Statute of Limitations – is Factually Insufficient ...........................................................................5

      B.     Tiger's Purported Second Affirmative Defense – Failure to State a Claim – is Factually Insufficient and is Not a Proper Affirmative Defense ..........................................................................................6

      C.     Tiger's Purported Third Affirmative Defense – Lack of Standing – is Factually Insufficient and is Not a Proper Affirmative Defense ..............6

      D.     Tiger's Fourth Affirmative Defense – Laches – is Factually Insufficient ................7

      E.     Tiger's Fifth Affirmative Defense – Waiver – is Factually Insufficient ................7

      F.     Tiger's Sixth Affirmative Defense – Estoppel – is Factually Insufficient.................8

      G.     Tiger's Seventh Affirmative Defense – Unclean Hands – is Factually Insufficient ..........................................................................9

      H.     Tiger's Eighth Affirmative Defense – Failure to Mitigate Damages – is Factually Insufficient ...............................................................10

      I.     Tiger's Ninth Affirmative Defense – Acts of Others – is Factually Insufficient ..........................................................................10

      J.     Tiger's Purported Tenth Affirmative Defense – Innocent Intent – is Factually Insufficient and is Not a Proper Affirmative Defense ....................11

      K.     Tiger's Purported Eleventh Affirmative Defense – Good Faith – is Factually Insufficient and is Not a Proper Affirmative Defense ..............11

      L.     Tiger's Purported Twelfth Affirmative Defense – Failure to State Facts for Punitive Damages – is Factually Insufficient....................12

      M.     Tiger's Purported Thirteenth Affirmative Defense – Failure to State Facts for Attorneys' Fees – is Factually Insufficient and is Not a Proper Affirmative Defense.....................................................13

      N.     Tiger's Fourteenth Affirmative Defense – Unjust Enrichment – is Factually Insufficient ..........................................................13

O.    Tiger's Purported Fifteenth Affirmative Defense – No Proximate Cause – is Factually Insufficient and is Not a Proper Affirmative Defense ........................14

P.    Tiger's Sixteenth Affirmative Defense – Set Off – is Factually Insufficient ................................................................................................14

Q.    Tiger's Purported Seventeenth Affirmative Defense – Fair Competition – is Factually Insufficient and is Not a Proper Affirmative Defense ........................15

R.    Tiger's Purported Eighteenth Affirmative Defense – Conduct Not "Unlawful" – is Factually Insufficient and is Not a Proper Affirmative Defense ........................................................................................................15

S.    Tiger's Purported Nineteenth Affirmative Defense – Conduct Not "Unfair" – is Factually Insufficient and is Not a Proper Affirmative Defense ........................................................................................................15

T.    Tiger's Purported Twentieth Affirmative Defense – Conduct Not "Fraudulent" or "Likely to Mislead" – is Factually Insufficient and is Not a Proper Affirmative Defense ........................................................16

U.    Tiger's Twenty-First Affirmative Defense – Puffery – is Factually Insufficient ................................................................................................16

V.    Tiger's Twenty-Second Affirmative Defense – Unavailability of Restitution – is Factually Insufficient ........................................................17

W.    Tiger's Purported Twenty-Third Affirmative Defense – Unconstitutional as Class Action – is Factually Insufficient and is Not a Proper Affirmative Defense ........................................................................................18

X.    Tiger's Purported Twenty-Fourth Affirmative Defense – Plaintiffs and the Alleged Putative Class are Not Similarly Situated – is Factually Insufficient and is Not a Proper Affirmative Defense ........................18

Y.    Tiger's Purported Twenty-Fifth Affirmative Defense – Lack of Adequacy of Representation – is Factually Insufficient and is Not a Proper Affirmative Defense ........................................................19

Z.    Tiger's Purported Twenty-Sixth Affirmative Defense – Conflicting Interests – is Factually Insufficient and is Not a Proper Affirmative Defense ........................................................................................19

AA.    Tiger's Purported Twenty-Seventh Affirmative Defense – Lack of Commonality – is Factually Insufficient and is Not a Proper Affirmative Defense ........................................................................................20

BB.    Tiger's Purported Twenty-Eighth Affirmative Defense – Lack of Typicality – is Factually Insufficient and is Not a Proper Affirmative Defense ........................................................................................20

CC.    Tiger's Purported Twenty-Ninth Affirmative Defense – Lack of Superiority – is Factually Insufficient and is Not a Proper Affirmative Defense ........................................................................................21

DD. Tiger's Purported Thirtieth Affirmative Defense – Lack of Community of Interest – is Factually Insufficient and is Not a Proper Affirmative Defense ...........................................................................................21

EE. Tiger's Purported Thirty-First Affirmative Defense – Alleged Class is Not Readily Ascertainable – is Factually Insufficient and is Not a Proper Affirmative Defense.............................................................................22

FF. Tiger's Thirty-Second Affirmative Defense – Failure to Provide Pre-Suit Demand - CLRA Claim – is Factually Insufficient and Fails as a Matter of Law...............................................................................................22

GG. Tiger's Thirty-Third Affirmative Defense – No Vicarious Liability – is Factually Insufficient .............................................................................23

HH. Tiger's Thirty-Fourth Affirmative Defense – Accidental – is Factually Insufficient .........................................................................................23

II. Tiger's Purported Thirty-Fifth Affirmative Defense – Reservation of Rights – is Not a Proper Affirmative Defense .......................................24

V. **CONCLUSION** ...........................................................................................**25**

**Federal Cases**

*Ashcroft v. Iqbal,*
    556 U.S. 662 (2009)..............................................................................3

*Barnes v. AT&T Pension Benefit Plan,*
    718 F. Supp. 2d 1167 (N.D. Cal. 2010) .................................... *passim*

*Bell Atlantic Corp. v. Twombly,*
    550 U.S. 544 (2007)...........................................................................2, 3

*Catch a Wave Inc. v Sirius XM Radio Inc.,*
    No. C 12-05791 WHA, 2013 U.S. Dist. LEXIS 67885 (N.D. Cal. May 10,
    2013) ...............................................................................................5, 7

*Cook, Perkiss & Liehe Inc. v. Northern California Collection Service Inc.,*
    911 F.2d 242 (9th Cir. 1990) ..........................................................16

*CTF Development Inc. v. Penta Hospitality LLC,*
    No. C 09-02429 WHA, 2009 U.S. Dist. LEXIS 99538 (N.D. Cal. Oct. 26,
    2009) .................................................................................................9

*Desert European Motorcars Ltd. v. Desert European Motorcars Inc.,*
    No. EDCV 11-197 RSWL (DTBx), 2011 U.S. Dist. LEXIS 96154 (C.D.
    Cal. Aug. 25, 2011).........................................................................8

*Edwards v. County of Modoc,*
    No. 2:14-cv-02646-MCE-KJN, 2015 U.S. Dist. LEXIS 94216 (E.D. Cal.
    Jul. 20, 2015)...................................................................................2

*Gomez v. Campbell-Ewald Company,*
    768 F.3d 871 (9th Cir. 2014) ..........................................................11

*Hernandez v. County of Monterey,*
    306 F.R.D. 279 (N.D. Cal. Apr. 14, 2015).....................................2, 3

*Hernandez v. Dutch Goose Inc.,*
    No. C 13-03537 LB, 2013 U.S. Dist. LEXIS 153707 (N.D. Cal. Oct. 25,
    2013) .................................................................................................7

*In re DISH Network LLC,*
    288 FCC Rcd 6574, 6588 (2013)....................................................11

*In re New Century,*
    588 F. Supp. 2d 1206 (C.D. Cal. 2008) ..........................................17

*J&J Sports Productions Inc. v. Mendoza-Govan,*
    No. C 10-05123 WHA, 2011 U.S. Dist. LEXIS 47075 (N.D. Cal. Apr. 25,
    2011) ........................................................................................ *passim*

*Martinez v. County of Sonoma,*
    No. 15-cv-01953-JST, 2016 U.S. Dist. LEXIS 44800 (N.D. Cal. Apr. 1,
    2016) ........................................................................................ *passim*

*McKinney-Drobnis v. Massage Envy Franchising LLC,*
    No. 16-cv-06450-MMC, 2017 U.S. Dist. LEXIS 52165 (N.D. Cal. Apr. 5,
    2017) ........................................................................................ *passim*

**Federal Cases (cont.)**

*O'Sullivan v. AMN Services,*
    No. C-12-02125 JCS, 2012 U.S. Dist. LEXIS 98560 (N.D. Cal. July 16,
    2012) .................................................................................................................3, 4

*Patent Category Corp. v. Worldwide Creations,*
    No. CV 06-7560-RGK (FFMx), 2007 U.S. Dist. LEXIS 68685 (C.D. Cal.
    May 7, 2007) ..........................................................................................................2

*Qarbon.com Inc. v. eHelp Corp.,*
    315 F. Supp. 2d 1046 (N.D. Cal. 2004) ............................................................4, 8, 9

*Serpa v. Jolly King Restaurants Inc.,*
    No. 72-423-N, 1974 U.S. Dist. LEXIS 9217 (S.D. Cal. Mar. 29, 1974) ..............2

*Southland Sod Farms v. Stover Seed Company,*
    108 F.3d 1134 (9th Cir. 1997) ...........................................................................16

*Spears v. First American Eappraiseit,*
    No. 5-08-CV-00868-RMW, 2013 U.S. Dist. LEXIS 58292 (N.D. Cal. Apr.
    23, 2013) ..............................................................................................................12

*Tovar v. United States Postal Service,*
    3 F.3d 1271 (9th Cir. 1993) ..................................................................................3

*Whittlestone Inc. v. Handi-Craft Co.,*
    618 F.3d 970 (9th Cir. 2010) ................................................................................2

*Wyshak v. City National Bank,*
    607 F.2d 824 (9th Cir. 1979) ................................................................................3

*Zivkovic v. Southern California Edison Co.,*
    302 F.3d 1080 (9th Cir. 2002) ..............................................................................5

*Zivkovic v. Southern California Edison Co.,*
    302 F.3d 1080 (9th Cir. 2002) ..............................................................................5

**California Cases**

*De Suza v. Andersack,*
    63 Cal. App. 3d 694 (2d Dist. 1976).................................................................23

*Mars v. Wedbush Morgan Securities Inc.,*
    231 Cal. App. 3d 1608 (2d Dist. 1991)............................................................23

*Roesch v. DeMota,*
    24 Cal. 2d 563 (1944) ...........................................................................................8

**Federal Statutes, Rules, and Constitution**

Fed. R. Civ. Proc. 8............................................................................................2, 3, 4
Fed. R. Civ. Proc. 12(e), 12(f) ...............................................................................2, 5
Fed. R. Civ. Proc. 23 ............................................................................................18, 19
Fifth Amendment ........................................................................................................18
Seventh Amendment ..................................................................................................18

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE / MOTION FOR MORE DEFINITE STATEMENT AS TO TIGER'S ANSWER (3:17-CV-05351-JCS)**

**<u>California Statutes</u>**

Cal. Bus. & Prof. Code § 17200 ................................................15

Cal. Bus. & Prof. Code §§ 17590, 17593 ................................................24

Cal. Civ. Code § 1750 *et seq.* (Consumers Legal Remedies Act) ........................................ *passim*

Cal. Civ. Code § 2295 ................................................23

Cal. Civ. Code § 3294 ................................................12, 14

Cal. Code Civ. Proc. § 1021.5 ................................................13

Cal. Pen. Code § 632 ................................................10, 14

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE / MOTION FOR MORE DEFINITE STATEMENT AS TO TIGER'S ANSWER (3:17-CV-05351-JCS)**

# I. <u>INTRODUCTION</u>

Defendant Tiger Natural Gas Inc.'s ("Tiger") Answer (Docket #106) to Plaintiffs' Third Amended Complaint ("3AC") (Docket #101) contains 35 affirmative defenses, all of which are insufficient as a matter of law – because the defenses are not available, they lack factual support, they fail to identify the cause(s) of action to which they are directed, and/or they are not really affirmative defenses in the first place – thereby forcing Plaintiffs to file this Motion to Strike/Motion for More Definite Statement (the "Motion").

Moreover, Tiger has actual knowledge that its affirmative defenses are defective, because Plaintiffs already filed a Motion very similar to this one in response to Tiger's prior Answer, which suffered from exactly the same problems. In other words, Plaintiffs already told Tiger precisely what was wrong with its affirmative defenses, and Tiger filed the same deficient affirmative defenses again anyway, thereby demonstrating bad faith. Plaintiffs ask this Court to strike the affirmative defenses (in some cases with leave to amend, as noted), and to order Tiger to file a proper Amended Answer including proper affirmative defenses.

# II. <u>STATEMENT OF FACTS / PROCEDURAL HISTORY</u>

This lawsuit arose from Tiger's practice of fraudulently advertising its natural gas price protection program (the "Program") via telemarketing calls to California consumers and businesses – calls that were recorded without the recipients' consent and, in some cases, were made to numbers on the Do Not Call list. The causes of action include fraud, breach of oral contract, breach of third-party beneficiary contract, violations of the Consumer Legal Remedies Act, false advertising, and unfair competition, among others. *See* 3AC, generally.

Plaintiffs filed the Complaint in the Superior Court of California, County of Marin on August 18, 2017. Tiger removed the case to federal court (Docket #1) and filed a Motion to Dismiss (Docket #8). Instead of opposing, Plaintiffs filed a First Amended Complaint ("FAC") (Docket #13), to which Tiger filed an Answer (Docket #22). Declaration of Daniel Balsam at ¶ 2 and Ex. A. Plaintiffs filed a Motion to Strike/Motion for More Definite Statement (Docket #24) as to that Answer. *Id.* at ¶ 3 and Ex. B. The Parties then stipulated to a Second Amended Complaint ("2AC") (Docket #27). Plaintiffs' of filing the 2AC (Docket #29) mooted Tiger's Answer to the FAC, so Plaintiffs withdrew their Motion attacking that Answer (Docket #31). Plaintiffs prevailed on Tiger's Motion to Dismiss the 2AC (Docket #49) and on their own

**1**

Motion for Leave to Amend the Complaint ("MLAC") (Docket #85). Plaintiffs filed the
operative Third Amended Complaint ("3AC") (Docket #101) on June 9, 2018, and Tiger filed its
operative Answer (Docket #106) on June 25. Tiger's operative Answer to the 3AC contains 35
affirmative defenses, which are almost exactly identical to the defenses in its prior Answer
(Docket #22); Therefore, this Motion is very similar to the Plaintiffs' prior Motion attaching
Tiger's prior Answer. Balsam Decl. at ¶ 4.

### III.  LEGAL STANDARD

**A.    Federal Rules of Civil Procedure 8, 12(f), and 12(e)**

    Federal Rule of Civil Procedure 8 governs pleadings: complaints *and* answers. Rule 8(c)
requires that a party responding to a pleading must "affirmatively state any avoidance or
affirmative defense." BLACK'S LAW DICTIONARY (10th ed. 2014) defines an affirmative defense
as an "assertion of *facts* and arguments that, if true, will defeat the plaintiff's [ ] claim, even if all
the allegations in the complaint are true." *Edwards v. County of Modoc*, No. 2:14-cv-02646-
MCE-KJN, 2015 U.S. Dist. LEXIS 94216 at *1-2 (E.D. Cal. Jul. 20, 2015) (emphasis added).

    The court may strike factually or legally insufficient defenses from an answer to avoid
the expenditure of time and money that would arise from litigating spurious issues by dispensing
with those issues prior to trial. Fed. R. Civ. Proc. 12(f); *see also Whittlestone Inc. v. Handi-Craft
Co.,* 618 F.3d 970, 973 (9th Cir. 2010), *Hernandez v. County of Monterey*, 306 F.R.D. 279, 283-
92 (N.D. Cal. Apr. 14, 2015).

    A party may move for a more definite statement when the pleading is vague or
ambiguous. Fed. R. Civ. Proc. 12(e). Rule 12(e) also applies to affirmative defenses in an
answer. *See e.g. Patent Category Corp. v. Worldwide Creations*, No. CV 06-7560-RGK
(FFMx), 2007 U.S. Dist. LEXIS 68685 at *9 (C.D. Cal. May 7, 2007); *Serpa v. Jolly King
Restaurants Inc.*, No. 72-423-N, 1974 U.S. Dist. LEXIS 9217 at *9 (S.D. Cal. Mar. 29, 1974).

**B.    *Twombly* and *Iqbal* Require Factual Allegations in a Pleading**

    In *Bell Atlantic Corp. v. Twombly*, the U.S. Supreme Court discussed the requirements of
pleading in federal court.

> A plaintiff's obligation to provide the "grounds" of his "entitle[ment] to relief"
> requires more than labels and conclusions, and a formulaic recitation of the
> elements of a cause of action will not do. . . . Factual allegations must be enough
> to raise a right to relief above the speculative level.

**2**

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE / MOTION FOR MORE DEFINITE
STATEMENT AS TO TIGER'S ANSWER (3:17-CV-05351-WHA)

550 U.S. 544, 555 (2007) (citations omitted).  The Court concluded that Federal Rule of Civil Procedure 8 requires the non-moving party to plead plausible factual allegations, which if accepted as true, would "state a claim to relief that is plausible on its face."  *Id*. at 570.

Similarly, *Ashcroft v. Iqbal* held:

> Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice . . . .  While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations.

556 U.S. 662, 678 (2009).  *Iqbal* also specifically noted that *Twombly* held that plaintiffs' complaint was deficient under Rule 8 because "plaintiffs' assertion of an unlawful agreement was a 'legal conclusion' and, as such, was not entitled to the assumption of truth."  *Id*. at 680.

## C.  *Twombly* and *Iqbal* Also Apply to Affirmative Defenses in an Answer

Although *Twombly* and *Iqbal* facially refer to pleading standard in complaints, the same standard applies to affirmative defenses in answers.  "In every civil case, the defendant bears the burden of proof as to each element of an affirmative defense."  *Tovar v. United States Postal Service*, 3 F.3d 1271, 1284 (9th Cir. 1993).

> After *Iqbal*, "the burden is on the *defendant* to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended."  "[A] defendant's pleading of affirmative defenses must put a plaintiff on notice of the underlying factual bases of the defense."

*County of Monterey*, 306 F.R.D. at 284 (citations omitted).

> Applying the same standard [for heightened pleading to affirmative defenses] will also serve to weed out the boilerplate listing of affirmative defenses which is commonplace in most defendants' pleadings where many of the defenses alleged are irrelevant to the claims asserted.

*Barnes v. AT&T Pension Benefit Plan*, 718 F. Supp. 2d 1167, 1171-72 (N.D. Cal. 2010) (citations omitted); *see also O'Sullivan v. AMN Services*, No. C-12-02125 JCS, 2012 U.S. Dist. LEXIS 98560 at *22 (N.D. Cal. July 16, 2012).

"The key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense."  *Wyshak v. City National Bank*, 607 F.2d 824, 827 (9th Cir. 1979).  Merely listing affirmative defenses is insufficient.

> AT&T has not alleged sufficient facts to provide notice to Barnes as to the nature of any of its affirmative defenses. . . . Instead, AT&T simply lists a series of conclusory statements asserting the existence of an affirmative defense without

**3**

**Plaintiffs' Notice of Motion and Motion to Strike / Motion for More Definite Statement as to Tiger's Answer (3:17-cv-05351-WHA)**

stating a reason why that affirmative defense might exist. In particular, [for certain] affirmatives defenses, AT&T fails to provide any facts, instead, just alleging that the affirmative defense exists.

*Barnes*, 718 F. Supp. 2d at 1172.

> eHelp's general allegations also do not provide Qarbon with fair notice of the grounds for the defenses. A reference to a doctrine, like a reference to statutory provisions, is insufficient notice. Furthermore, eHelp's affirmative defenses do not set forth the elements of the defense. Because eHelp simply refers to the doctrines without setting forth the elements of its affirmative defenses, eHelp does not provide "fair notice" of its defenses.

> eHelp also fails to allege the factual basis for its affirmative defenses. . . . Given that eHelp does not provide any factual basis for its three affirmative defenses, the Court grants Qarbon's motion to strike eHelp's affirmative defenses of waiver, estoppel and unclean hands with leave to amend.

*Qarbon.com Inc. v. eHelp Corporation,* 315 F. Supp. 2d 1046, 1049-50 (N.D. Cal. 2004) (citations omitted).

In fact, in *O'Sullivan*, Magistrate Judge Spero struck *all* of the defendant's affirmative defenses on the grounds that they did not conform with Rule 8, *Twombly*, and *Iqbal*; they were entirely boilerplate and conclusory without containing sufficient factual allegations; and they would subject the plaintiff to expensive and potentially unnecessary and irrelevant discovery, which *Twombly* and *Iqbal* intended to prevent. 2012 U.S. Dist. LEXIS 98560 at *4, 23-24.

## IV. **DISCUSSION**

Here, most of Tiger's affirmative defenses are just like AT&T, eHelp, and AMN Services' – mere copy-and-paste statements of legal doctrines, without giving Plaintiffs fair notice of the defenses and without even attempting to state supporting facts and explain which defenses relate to which cause(s) of action. Tiger appears to have lazily reached into the proverbial grab-bag of affirmative defenses and thrown whatever it could find against the proverbial wall, hoping some of them would somehow stick. It would be manifestly unfair to Plaintiffs to force them to expend resources to conduct discovery as to each and every purported boilerplate defense that Tiger has not pled in good faith or in compliance with the law.

In fact, as described below, many of the purported affirmative defenses are not really affirmative defenses at all, and should be stricken on that ground. *McKinney-Drobnis v. Massage Envy Franchising LLC*, No. 16-cv-06450-MMC, 2017 U.S. Dist. LEXIS 52165 at *19

**4**

(N.D. Cal. Apr. 5, 2017), *citing Zivkovic v. Southern California Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002).

Moreover, Tiger was on notice of the defects in its affirmative defenses based on Plaintiffs' prior Rule 12 Motion as to Tiger's prior Answer, and it still failed to properly assert its affirmative defenses in its new Answer. Judge Alsup criticized exactly such conduct in *Catch a Wave Inc. v Sirius XM Radio Inc.*:

> Plaintiff's original motion to strike defendant's affirmative defenses [ ] was nearly identical to the instant motion. Therefore, defendant had notice of the potential defects that it might have needed to cure, then filed a first amended answer and an opposition to this new motion to strike. Yet defendant still fails to properly assert these affirmative defenses. Defendant cannot simply allege affirmative defense without providing factual bases for them or pleading their necessary elements. Defendant's fifth affirmative defense is Stricken.

No. C 12-05791 WHA, 2013 U.S. Dist. LEXIS 67885 at *6-7 (N.D. Cal. May 10, 2013).

Plaintiffs are aware that Judge Alsup recently asked, "Please, no more FRCP 12 practice." Order Granting In Part Motion for Leave to Amend at 7:19-20 (Docket #100). However, Plaintiffs believe that instruction was directed at Tiger, in that the Court signaled by its rulings on Tiger's Motion to Dismiss and Plaintiffs' MLAC that the Court was satisfied with Plaintiffs' pleadings. Plaintiffs do not believe this Court intended to bar or discourage Plaintiffs from filing this Rule 12 Motion as to the obviously defective affirmative defenses in Tiger's Answer, particularly since a review of Judge Alsup's rulings on point show a clear intolerance for factually devoid affirmative defenses.

## A.  Tiger's First Affirmative Defense – Statute of Limitations – is Factually Insufficient

Tiger's first affirmative defense simply states: *"The [3AC], and each and every claim for relief therein, is barred by the applicable statute of limitations."*

Plaintiffs were careful to calculate the statute of limitations for each cause of action. For example, Fishman brings the Breach of Oral Contract claim (which has a two year statute of limitations) against Tiger, because Tiger/CGC called her on August 18, 2015 and Fishman filed this Action on August 18, 2017. But Faria does *not* bring the Breach of Oral Contract claim because Tiger/CGC called her on January 28, 2015, and Faria did not join the Action until the FAC was filed on October 6, 2017… more than two years later.

Tiger's affirmative defense shows no such attention to detail, and Tiger fails to state any facts to support its "shotgun" defense. Indeed, Tiger does not even state what it believes the

statute of limitations to be for each cause of action.  In *J&J Sports Productions Inc. v. Mendoza-Govan*, Judge Alusp ruled that defendant's comparable affirmative defense "is insufficient as pled. Defendant does not allege any theory or facts giving plaintiff notice of how the claims are outside the applicable statutes of limitations, despite the allegations in the complaint," and ordered the affirmative defense stricken.  No. C 10-05123 WHA, 2011 U.S. Dist. LEXIS 47075 at *12 (N.D. Cal. Apr. 25, 2011).

This Court should strike the affirmative defense *with* leave to amend and order Tiger to state more definite facts, if it can, to support the affirmative defense.

## B.   Tiger's Purported Second Affirmative Defense – Failure to State a Claim – is Factually Insufficient and is Not a Proper Affirmative Defense

Tiger's second affirmative defense states:  *"The [3AC], and each and every claim for relief therein, fails to state a claim upon which relief may be granted."*

Plaintiffs set forth facts in the 3AC in great detail that support every element of the causes of action they bring against Tiger *et al.*  In light of Plaintiffs' extremely specific 3AC, Tiger's conclusory recitation of boilerplate text is insufficient to support its claim that Plaintiffs supposedly failed to state facts sufficient to support even one cause of action.

Moreover, "Failure to state a claim is not a proper affirmative defense but, rather, asserts a defect in [the plaintiff's] prima facie case."  *J&J Sports Productions*, 2011 U.S. Dist. LEXIS 47075 at *14-15, citing *Barnes*, 718 F. Supp. 2d at 1174.  This Court's rulings as to Tiger's Motion to Dismiss and Plaintiffs' MLAC indicate that this Court is satisfied with Plaintiffs claims as pled.

This Court should strike the purported affirmative defense *without* leave to amend.

## C.   Tiger's Purported Third Affirmative Defense – Lack of Standing – is Factually Insufficient and is Not a Proper Affirmative Defense

Tiger's third affirmative defense states:  *"Plaintiffs lack standing to assert some or all of the claims against Tiger and/or the other Defendants, and to represent any putative class, the existence of which is expressly denied."*

Plaintiffs set forth facts in the 3AC in great detail that support their standing to bring the various causes of action.  Also, by pleading "some or all," Tiger's affirmative defense is impermissibly vague as to which Plaintiff(s) and which cause(s) of action it is even attacking, and therefore fails to provide Plaintiffs with fair notice of the defense.

6

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE / MOTION FOR MORE DEFINITE STATEMENT AS TO TIGER'S ANSWER (3:17-CV-05351-WHA)**

Moreover, "lack of standing" is not a proper affirmative defense in the first place. *Hernandez v. Dutch Goose Inc.*, No. C 13-03537 LB, 2013 U.S. Dist. LEXIS 153707 at *19 (N.D. Cal. Oct. 25, 2013). This Court's rulings on Tiger's Motion to Dismiss and Plaintiffs' MLAC indicate that this Court is satisfied with Plaintiffs claims as pled in the 3AC; e.g., the Court recently dismissed the Telephone Consumer Protection Act cause of action, and allowed Plaintiffs to add causes of action for Violations of PG&E Gas Rule 23 and Cal. Public Utilities Code §§ 980-989.5.

This Court should strike the purported affirmative defense *without* leave to amend.

## D. Tiger's Fourth Affirmative Defense – Laches – is Factually Insufficient

Tiger's fourth affirmative defense states: *"The [3AC], and each and every claim for relief therein, is barred by the doctrine of laches."*

Just like the other affirmative defenses, this affirmative defense is bereft of any *facts* supporting Tiger's position that Plaintiffs unreasonably delayed in filing this Action, and that the delay (*if* it existed) adversely affected Tiger's ability to defend against Plaintiffs' claims.

In *J&J Sports Productions*, Judge Alsup ruled that defendant's affirmative defense that "plaintiff's claims are barred by the equitable doctrines of estoppel, waiver and laches" was "insufficient because plaintiff is not given fair notice of how these doctrines apply to this case. That is, defendant only refers to these equitable doctrines, and does not provide any supporting facts," and ordered the defense stricken. 2011 U.S. Dist. LEXIS 47075 at *11. Similarly, in *Catch a Wave Inc.*, Judge Alsup criticized defendant's conclusory laches defense:

> Here, defendant just parrots the elements of the affirmative defense; instead, it should have pled what information leads it to believe that plaintiff knew of the allegedly infringing activity for a number of years or how the alleged delay caused defendant economic and evidentiary harm

2013 U.S. Dist. LEXIS 67885 at *5.

This Court should strike the affirmative defense *with* leave to amend and order Tiger to state more definite facts, if it can, to support its affirmative defense.

## E. Tiger's Fifth Affirmative Defense – Waiver – is Factually Insufficient

Tiger's fifth affirmative defense states: *"Plaintiffs and the proposed Class and Sub-Classes are not entitled to relief because they waived their right to recover on the claims asserted in the [3AC]."*

Waiver is the intentional relinquishment of a known right after knowledge of the facts. *Roesch v. DeMota*, 24 Cal. 2d 563, 572 (1944).

> To establish waiver, Defendant must show that Plaintiff intentionally relinquished or abandoned a known right. ¶ Here, Defendant's Answer and Counterclaim fails to set forth any facts with respect to this alleged waiver. As such, the Court finds that this affirmative defenses is a mere reference to a legal doctrine and is insufficient to give Plaintiff fair notice of the alleged acts giving rise to this defense. [] "A reference to a doctrine, like a reference to statutory provisions, is insufficient notice" and does not meet the pleading standard of Rule 8(b)).

*Desert European Motorcars Ltd. v. Desert European Motorcars Inc*., No. EDCV 11-197 RSWL (DTBx), 2011 U.S. Dist. LEXIS 96154 at *5-6 (C.D. Cal. Aug. 25, 2011) (citations omitted).

Similarly, in *J&J Sports Productions*, Judge Alsup ruled that defendant's affirmative defense that "plaintiff's claims are barred by the equitable doctrines of estoppel, waiver and laches" was "insufficient because plaintiff is not given fair notice of how these doctrines apply to this case. That is, defendant only refers to these equitable doctrines, and does not provide any supporting facts," and ordered the defense stricken. 2011 U.S. Dist. LEXIS 47075 at *11.

Courts will not allow the Waiver affirmative defense to stand absent factual support. Tiger pleads no facts to support the Waiver defense, just guesses. Tiger fails to state any facts or identify any actions that Plaintiffs and the Class took or did not take after the knowledge of the facts giving rise to a known right that indicate that Plaintiffs and the Class waived any claims.

This Court should strike the affirmative defense *with* leave to amend and order Tiger to state more definite facts, if it can, to support its affirmative defense.

## F. Tiger's Sixth Affirmative Defense – Estoppel – is Factually Insufficient

Tiger's sixth affirmative defense states: *"The [3AC], and each and every claim for relief therein, is barred by the doctrine of estoppel."*

The *Qarbon.com* court rejected a similar insufficient boilerplate defense:

> eHelp does not specify what the defense is--whether it is asserting a single type of estoppel or several types of estoppel such as prosecution history estoppel, equitable estoppel, or some other type of estoppel. As such, eHelp does not provide fair notice of its affirmative defenses. ¶ eHelp's general allegations also do not provide Qarbon with fair notice of the grounds for the defenses. A reference to a doctrine, like a reference to statutory provisions, is insufficient notice. [ ] Furthermore, eHelp's affirmative defenses do not set forth the elements of the defense. [ ] "To plead equitable estoppel, a party must allege [the] three essential elements." Because eHelp simply refers to the doctrines without setting forth the elements of its affirmative defenses, eHelp does not provide "fair notice"

of its defenses. Given that eHelp does not provide any factual basis for its three affirmative defenses, the Court grants Qarbon's motion to strike eHelp's affirmative defenses of waiver, estoppel and unclean hands with leave to amend.

315 F. Supp. 2d at 1049-50.

In *J&J Sports Productions*, Judge Alsup ruled that defendant's affirmative defense that "plaintiff's claims are barred by the equitable doctrines of estoppel, waiver and laches" was "insufficient because plaintiff is not given fair notice of how these doctrines apply to this case. That is, defendant only refers to these equitable doctrines, and does not provide any supporting facts," and ordered the defense stricken. 2011 U.S. Dist. LEXIS 47075 at *11.

This Court should strike the affirmative defense *with* leave to amend and order Tiger to state more definite facts, if it can, to support its affirmative defense.

## G.   **Tiger's Seventh Affirmative Defense – Unclean Hands – is Factually Insufficient**

Tiger's seventh affirmative defense states: *"The [3AC], and each and every claim for relief therein, is barred by the doctrine of unclean hands."*

However, Tiger fails to state which Plaintiffs did what that made their hands so unclean that, for example, Tiger/CGC's act of recording telemarketing calls without Plaintiffs' consent is somehow Plaintiffs' fault. Tiger's affirmative defense is akin to eHelp's:

> Qarbon contends that eHelp's affirmative defenses of [ ] unclean hands must be stricken because the defenses are insufficient and contain immaterial, impertinent and scandalous information. Qarbon further argues that eHelp has not pled with sufficient particularity to give Qarbon "fair notice" of the defenses. [ ] ¶ In the present case, eHelp's affirmative defenses fail to provide "fair notice" of what the defense is and the grounds upon which it rests. [ ] Furthermore, eHelp's affirmative defenses do not set forth the elements of the defense. [ ] ¶ eHelp also fails to allege the factual basis for its affirmative defenses. [ ] Given that eHelp does not provide any factual basis for its three affirmative defenses, the Court grants Qarbon's motion to strike eHelp's affirmative defenses of [ ] unclean hands with leave to amend.

*Qarbon.com*, 315 F. Supp. 2d at 1049-50.

In *CTF Development Inc. v. Penta Hospitality LLC*, Judge Alsup rejected defendant's comparable defense because it was "pled in an insufficient manner. . . . [S]imply stating that a claim fails due to plaintiff's 'unclean hands' is not sufficient to notify the plaintiff *what* behavior has allegedly given them 'unclean hands.'" No. C 09-02429 WHA, 2009 U.S. Dist. LEXIS 99538 at *22 (N.D. Cal. Oct. 26, 2009) (emphasis in original).

**9**

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE / MOTION FOR MORE DEFINITE STATEMENT AS TO TIGER'S ANSWER (3:17-CV-05351-WHA)**

This Court should strike the affirmative defense *with* leave to amend and order Tiger to state more definite facts, if it can, to support its affirmative defense.

## H. Tiger's Eighth Affirmative Defense – Failure to Mitigate Damages – is Factually Insufficient

Tiger's eighth affirmative defense states: *"To the extent Plaintiffs and the proposed Class and Sub-Classes suffered any damages, which Tiger expressly denies, Plaintiffs and the proposed Class and Sub-Classes failed to take the steps necessary to mitigate the damages sustained."*

Tiger again fails to state facts to support the defense, namely that Plaintiffs and Class members were *required* to mitigate their damages associated with any of the causes of action, or even how they *could* have possibly mitigated their damages. Most of the monetary damages Plaintiffs seek in this Action arise from the Cal. Penal Code § 632 cause of action (recording calls without consent), and Plaintiffs are at a loss to understand the basis of Tiger's apparent argument that Plaintiffs should have or could have done anything to "mitigate" Tiger/CGC's actions of recording telemarketing calls without Plaintiffs' consent, or even their awareness.

This Court should strike the affirmative defense *with* leave to amend and order Tiger to state more definite facts, if it can, to support its affirmative defense.

## I. Tiger's Ninth Affirmative Defense – Acts of Others – is Factually Insufficient

Tiger's ninth affirmative defense states: *"Any injury, damage, or loss sustained by Plaintiffs and the proposed Class and Sub-Classes; which Tiger expressly denies, is due to the fault of Plaintiffs and the proposed Class and Sub-Classes or persons or entities other than Tiger and outside of Tiger's control."*

Again, Tiger utterly fails to state facts to support its attempt to blame everyone but itself. What did Plaintiffs and the proposed Class and Sub-Class members do that caused their damages? Who are the other persons or entities? Does Tiger assert that it had no control over CGC, who undisputedly made telemarketing calls on Tiger's behalf? In *J&J Sports Productions Inc.*, Judge Alsup ruled that that the defendant's comparable affirmative defense was

> not pled with sufficient particularity to give plaintiff fair notice of its basis. Defendant does not indicate who, besides defendant, may have caused plaintiff's damages. In addition, she does not indicate what conduct by plaintiff or third parties allegedly caused the damages.

2011 U.S. Dist. LEXIS 47075 at *10. Judge Alsup ordered the defense stricken.

Furthermore, the Ninth Circuit held that sellers cannot avoid liability under federal common law principles of agency by outsourcing their telemarketing. *Gomez v. Campbell-Ewald Company*, 768 F.3d 871, 878-879 (9th Cir. 2014), citing *In re DISH Network LLC*, 288 FCC Rcd 6574, 6588 at ¶ 37 (2013).

If Tiger is going to blame others, it needs to state its own facts to support the affirmative defense. This Court should strike the affirmative defense *with* leave to amend and order Tiger to state more definite facts, if it can, to support its affirmative defense.

**J.** **Tiger's Purported Tenth Affirmative Defense – Innocent Intent – is Factually Insufficient and is Not a Proper Affirmative Defense**

Tiger's tenth affirmative defense states: *"The claims alleged in the [3AC] are barred, in whole or in part, because Tiger's conduct was in good faith and with non-willful intent, at all times."*

Even assuming that Tiger acted in good faith, despite all evidence to the contrary, Tiger fails to state any facts supporting the defense. For example, most elements of the Consumers Legal Remedies Act cause of action do not require an "intent" component; very simply, the question is simply whether Tiger, directly or by its agents, made false representations about the natural gas market and Tiger's natural gas price protection program.

But, even if Plaintiffs' causes of action required "bad faith," Tiger's recitation of "good faith" is at most a "negative defense," not an affirmative defense, and as such should be stricken.

> "A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." [ ] Such a defense is merely rebuttal against the evidence presented by the plaintiff. [ ] . . . . Accordingly, these affirmative defenses, which, in fact, are merely rebuttal to plaintiff's claims are stricken.

*Barnes*, 718 F. Supp. 2d at 1173-74 (citations omitted). Similarly, in *J&J Sports Productions*, Judge Alsup ordered defendant's good faith defense stricken because it was an "ignorance of the law defense" and not a defense to liability. 2011 U.S. Dist. LEXIS 47075 at *15.

This Court should strike the purported affirmative defense *without* leave to amend.

**K.** **Tiger's Purported Eleventh Affirmative Defense – Good Faith – is Factually Insufficient and is Not a Proper Affirmative Defense**

Tiger's eleventh affirmative defense states: *"At all times and with respect to all matters alleged in the [3AC], Tiger acted in good faith, with good cause, and within the reasonable expectations of the parties."*

**11**

To the extent that Tiger argues good faith, this defense is redundant with the prior defense, and should be stricken. To the extent that Tiger argues that it acted "within the reasonable expectations of the parties," the defense directly contradicts the express allegations of the 3AC, in which Plaintiffs allege that they did *not* expect that Tiger/CGC's calls to them were being recorded, that they expected that the price cap would have some value, etc. Tiger cannot rely on boilerplate language; where the affirmative defense expressly contracts the allegations in the 3AC, Tiger must state its *own* facts to support the defense.

Moreover, "good faith" is at most a "negative defense," not an affirmative defense, and as such should be stricken. *Barnes*, 718 F. Supp. 2d at 1173-74, *supra*.

This Court should strike the purported affirmative defense *without* leave to amend.

## L. Tiger's Purported Twelfth Affirmative Defense – Failure to State Facts for Punitive Damages – is Factually Insufficient and is Not a Proper Affirmative Defense

Tiger's twelfth affirmative defense states: *"The [3AC] fails to allege facts sufficient to support an award of punitive damages."*

This purported affirmative defense is a conclusion, not a fact. The 3AC states a cause of action for violations of the Consumer Legal Remedies Act, and one of the remedies is punitive damages. 3AC at ¶¶ 201 and 334, Cal. Civ. Code § 1780. The 3AC also states a cause of action for fraud, and fraud is one of the bases for punitive damages. 3AC at ¶¶ 204-219, 339, Cal. Civ. Code § 3294. Indeed, this Court's rulings on Tiger's Motion to Dismiss and Plaintiffs' MLAC indicate that this Court is satisfied with Plaintiffs claims as pled in the 3AC. If Tiger wants to argue that Plaintiffs failed to state facts to support an award of punitive damages, Tiger must state facts supporting its implicit position that Plaintiffs failed to state claims for fraud and violations of the CLRA.

Moreover, *Spears v. First American Eappraiseit* stated that

> "A defense which demonstrates that plaintiff has not met its burden of proof as to an element plaintiff is required to prove is not an affirmative defense." [ ] This court has previously stricken defenses that are not actually affirmative defenses where the defenses "allege defects in plaintiff's claims and raise issues that are plaintiff's burden to prove." [ ] . . . . Accordingly, defenses 1, 2, 3 4, 5, 7, 8 and 9 are stricken without leave to amend.

No. 5-08-CV-00868-RMW, 2013 U.S. Dist. LEXIS 58292 at *21-22 (N.D. Cal. Apr. 23, 2013), citing *Zivkovic,* 302 F.3d at 1088.

Tiger's defense that Plaintiffs failed to state facts supporting punitive damages is therefore not really an affirmative defense, and this Court should strike the purported affirmative defense *without* leave to amend.

**M. Tiger's Purported Thirteenth Affirmative Defense – Failure to State Facts for Attorneys' Fees – is Factually Insufficient and is Not a Proper Affirmative Defense**

Tiger's thirteenth affirmative defense similarly states: *"The [3AC] fails to allege facts sufficient to support an award of attorneys' fees."*

This purported affirmative defense is a conclusion, not a fact. The 3AC includes a cause of action for violations of the Consumer Legal Remedies Act, and one of the remedies is attorneys' fees. 3AC at ¶¶ 201 and 335, Cal. Civ. Code § 1780. Additionally, the Prayer for Relief for each cause of action quotes Cal. Code of Civil Procedure § 1021.5, which authorizes attorneys' fees for private litigation that confers a benefit on the general public. There is no better example of such litigation than these Plaintiffs seeking an injunction and damages/ restitution for the Class, and rejecting Tiger's attempt to induce them into selling out the Class by a private settlement. Thus, Tiger fails to state facts to support its defense.

Moreover, a purported "affirmative defense" against an award of attorneys' fees is not really an affirmative defense in the first place.

> Additionally, to the extent any of AT&T's affirmative defenses are set forth in order to seek or limit the award of attorney's fees [ ], those defenses should be stricken. The award of attorney's fees does not act to preclude a defendant's liability even if a plaintiff proves all of the required elements of the cause of action. . . . Accordingly, AT&T's [ ] affirmative defenses are stricken to the extent that they present a defense against the awarding of attorney's fees.

*Barnes*, 718 F. Supp. 2d at 1174. *See also J&J Sports Productions*, 2011 U.S. Dist. LEXIS 47075 at *16.

This Court should strike the purported affirmative defense *without* leave to amend.

**N. Tiger's Fourteenth Affirmative Defense – Unjust Enrichment – is Factually Insufficient**

Tiger's fourteenth affirmative defense states: *"The causes of action asserted against Tiger are barred, in whole or in part, because an award on such causes of action would result in an unjust enrichment to Plaintiffs and the proposed Class and Sub-Classes."*

However, Plaintiffs pray for damages and/or restitution for the monies they were overcharged by Tiger (versus their former gas companies' rates) after being fraudulently induced

to enroll in Tiger's natural gas price protection program, and, pursuant to statute, statutory damages (e.g. Cal. Pen. Code § 632) and punitive damages (e.g. Cal. Civ. Code § 3294). Plaintiffs also seek declaratory relief and injunctive relief to prevent Tiger and its Telemarketing Agents from continuing their unlawful acts of false advertising, recording calls without consent, etc. It is unclear to Plaintiffs how any of this constitutes *unjust* enrichment. Tiger must state facts to support its argument that these remedies are unjust.

This Court should strike the affirmative defense *with* leave to amend and order Tiger to state more definite facts, if it can, to support its affirmative defense.

## O. Tiger's Purported Fifteenth Affirmative Defense – No Proximate Cause – is Factually Insufficient and is Not a Proper Affirmative Defense

Tiger's fifteenth affirmative defense states: *"Any acts, or failures to act, by Tiger were not the proximate cause of any damages allegedly suffered by Plaintiffs and the proposed Class and Sub-Classes."*

However, Plaintiffs expressly and implicitly allege that their damages directly arose from Tiger's actions and, in some cases, from the actions of Tiger's Telemarketing Agents such as CGC. For example, the 3AC at ¶ 274 states:

> Plaintiff Faria suffered injury in fact and lost money as the direct result of all of Tiger/CGC's "unlawful" acts and practices alleged above. *See* Cal. Bus. & Prof. Code § 17204. But for Tiger/CGC's "unlawful" conduct, described herein, Faria would never have received a phone call from CGC and therefore would not have signed up for Tiger's program and would never have paid the inflated gas prices and daily fees that Tiger charged her.

For Tiger to dispute the express allegations in the FAC, it needs to state its own facts. Moreover, "Lack of Proximate Cause" is not really an affirmative defense and should be stricken. *McKinney-Drobnis*, 2017 U.S. Dist. LEXIS 52165 at *19.

This Court should strike the purported affirmative defense *without* leave to amend.

## P. Tiger's Sixteenth Affirmative Defense – Set Off – is Factually Insufficient

Tiger's sixteenth affirmative defense states: *"Without conceding any act of Tiger caused any injury, damage, or loss to Plaintiffs and the proposed Class and Sub-Classes, Tiger is entitled to a set off by reason of the fault of Plaintiffs and the proposed Class and Sub-Classes, or persons or entities other than Tiger."*

This affirmative defense is redundant with the ninth affirmative defense (Acts of Others). And just like the ninth affirmative defense, Tiger fails to state any facts even attempting to allege

14

PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE / MOTION FOR MORE DEFINITE
STATEMENT AS TO TIGER'S ANSWER (3:17-CV-05351-WHA)

that Plaintiffs or anyone else is at fault for anything related to the actions set forth in the 3AC, thereby justifying a set off as to a judgment against Tiger.

This Court should strike the affirmative defense *with* leave to amend and order Tiger to state more definite facts, if it can, to support its affirmative defense.

**Q.  Tiger's Purported Seventeenth Affirmative Defense – Fair Competition – is Factually Insufficient  and is Not a Proper Affirmative Defense**

Tiger's seventeenth affirmative defense states: "*The [3AC] is barred because Tiger engaged in fair competition.*"

However, Plaintiffs expressly alleged in the tenth-thirteenth causes of action that Tiger engaged in *unfair* competition.  Therefore, "fair competition" is another negative affirmative defense, and the Court should strike it *without* leave to amend.

**R.  Tiger's Purported Eighteenth Affirmative Defense – Conduct Not "Unlawful" – is Factually Insufficient and is Not a Proper Affirmative Defense**

Tiger's eighteenth affirmative defense states: "*The [3AC] is barred because Tiger's conduct is not 'unlawful' within the meaning of Business and Professions Code section 17200.*"

Plaintiffs have two causes of action (tenth and eleventh) for the unlawful prong of Unfair Competition, and each cause of action cites several predicate violations.  Tiger fails to identify which (or both) causes of actions the affirmative defense is supposed to apply to, and which predicate violations are purportedly not unlawful.  Therefore, Tiger failed to provide Plaintiffs with fair notice of the defense.

Moreover, Plaintiffs expressly alleged in the tenth-eleventh causes of action that Tiger engaged in *unlawful* competition.  Therefore, "Conduct not 'Unlawful'" is another negative affirmative defense, and the Court should strike it *without* leave to amend.

**S.  Tiger's Purported Nineteenth Affirmative Defense – Conduct Not "Unfair" – is Factually Insufficient and is Not a Proper Affirmative Defense**

Tiger's nineteenth affirmative defense states: "*The [3AC] is barred because Tiger's conduct is not 'unfair' within the meaning of Business and Professions Code section 17200.*"

Plaintiffs' twelfth cause of action for the unfair prong of Unfair Competition cites several predicate violations.  Tiger fails to identify which predicate violations are purportedly not unfair.  Therefore, Tiger failed to provide Plaintiffs with fair notice of the defense.

Moreover, Plaintiffs expressly alleged in the twelfth cause of action that Tiger engaged in *unfair* competition. Therefore, "Conduct not 'Unfair'" is another negative affirmative defense, and the Court should strike it *without* leave to amend.

**T.** **Tiger's Purported Twentieth Affirmative Defense – Conduct Not "Fraudulent" or "Likely to Mislead" – is Factually Insufficient and is Not a Proper Affirmative Defense**

Tiger's twentieth affirmative defense states: "*The [3AC] is barred because Tiger's conduct is not 'fraudulent' or 'likely to mislead' the public.*"

Tiger's affirmative defense is devoid of any factual support, and since Plaintiffs' 3AC states facts to support their allegations of fraud and misleading advertising, Tiger cannot simply deny it. Moreover, although "conduct is not 'fraudulent'" suggests that Tiger intends to direct this affirmative defense at the sixth cause of action for fraud, Tiger does not make it clear by "likely to mislead the public" which other cause(s) of action it is attempting to address. Therefore, Tiger failed to provide Plaintiffs with fair notice of the defense.

Moreover, Plaintiffs expressly alleged in the sixth and thirteenth cause of action that Tiger engaged in *fraud* and unfair/*fraudulent* competition, respectively. Therefore, "Conduct not 'Fraudulent' or 'Likely to Mislead'" is another negative affirmative defense, and the Court should strike it *without* leave to amend.

**U.** **Tiger's Twenty-First Affirmative Defense – Puffery – is Factually Insufficient**

Tiger's twenty-first affirmative defense states: "*The claims for false advertising are barred by the fact that the alleged deceptive statements were such that no reasonable person in Plaintiffs' position could have reasonably relied or misunderstood Tiger's statements for claims of fact.*"

The 3AC does not merely allege that Tiger/CGC described the Program as *generally* "great" or "the best"… vague claims that might be described as "puffery." Rather, the 3AC explains that Tiger/CGC advertised the Program as "great" *specifically* because it's all free, prices would be capped at $0.69 per therm even if PG&E raises its price to $1.06 per therm, PG&E was raising its supply (procurement) rates by 33%,, etc., and those specific, quantifiable claims push Tiger/CGC's advertising beyond puffery and into the realm of actionable false advertising. *See, e.g.,* 3AC at ¶¶ 17, 32-42, 50, 229; *Cook, Perkiss & Liehe Inc. v. Northern California Collection Service Inc.*, 911 F.2d 242, 246 (9th Cir. 1990), *Southland Sod Farms v. Stover Seed Company*, 108 F.3d 1134, 1145 (9th Cir. 1997).

Tiger fails to state any facts to support its position that its/CGC's claims are "mere" puffery, which is particularly problematic in light of the fact that the 3AC expressly alleges at ¶ 42 that Tiger/CGC's claims would have misled any reasonable consumer.  Therefore, Tiger's vague claim of puffery is insufficient to give Plaintiffs fair notice of the particular claims to which Tiger claims were not likely to mislead a reasonable person.

> The Court's discussion of Plaintiffs' allegations of false and misleading statements, <u>supra</u> Part II.E.1, is fully applicable to the Section 11 claims. The Court determined that the Complaint adequately alleges false and misleading statements with respect to financial accounting, internal controls, and loan quality and underwriting. The Court also determined that exceptions from liability for "forward-looking statements" and "mere puffery" cannot be found to conclusively apply based on the particular circumstances alleged in the pleadings. [ ] The Court therefore finds that the Complaint supports reasonable inferences of material false and misleading statements.

*In re New Century*, 588 F. Supp. 2d 1206, 1239 (C.D. Cal. 2008).

This Court should strike the affirmative defense *with* leave to amend and order Tiger to state more definite facts, if it can, to support its affirmative defense.

## V. Tiger's Twenty-Second Affirmative Defense – Unavailability of Restitution – is Factually Insufficient

Tiger's twenty-third affirmative defense states:

> *Plaintiffs' claims and those of the putative class are barred against Tiger because Tiger did not acquire any money or property from Plaintiffs or members of the putative class by means of any unfair competition or any other theory of liability. Neither Plaintiffs, nor the putative class they seek to represent, paid to Tiger the sums that are the subject of their claim for restitution.  Accordingly, such claims are actually claims for damages, disguised as claims for restitution, and are not recoverable under the California statutes alleged.*

Here, Plaintiffs expressly alleged that they paid Tiger the sums that are the subject of their claim for restitution.  *See* 3AC at ¶¶ 65, 70.  Since Tiger cannot rely on the facts in the 3AC to support its defense, Tiger must state its own facts.  Tiger also fails to state facts supporting its claim that Plaintiffs claims for restitution are really claims for damages.

This Court should strike the affirmative defense *with* leave to amend and order Tiger to state more definite facts, if it can, to support its affirmative defense.

**W.** **Tiger's Purported Twenty-Third Affirmative Defense – Unconstitutional as Class Action – is Factually Insufficient and is Not a Proper Affirmative Defense**

Tiger's twenty-third affirmative defense states: *"The class allegations are barred on the ground that if this action is certified as a class action, Tiger's rights under the Fifth and Seventh Amendments of the United States Constitution would be violated."*

Again, Tiger's affirmative defense is devoid of any facts; Tiger fails to explain how proceeding as a class action is somehow unconstitutional.

More importantly, purported affirmative defenses denying class allegations are not cognizable defenses at all; they are denials that Plaintiffs can adequately prove or maintain the matter as a class action, and as such, Tiger's arguments are best addressed by an opposition to a motion for class certification.

> The Court concludes that purported Affirmative Defense No. 11 [plaintiffs are not representative of any particular class or classes; plaintiffs' claims represent particularized damages such that class action status is inappropriate, and therefore plaintiffs lack standing to sue on behalf of unnamed class members] is not a cognizable affirmative defense. [ ] [P]urported affirmative defenses, which sought to attack the plaintiff's ability to bring a class action were "not affirmative defenses, and [were] more appropriately addressed on a motion for class certification"); "[I]t is . . . clear that class certification is best addressed in the context of a motion that [Defendant] will be able to oppose regardless of the presence of its single-sentence class certification affirmative defense." As such, this purported defense must be stricken without leave to amend.

*Martinez v. County of Sonoma*, No. 15-cv-01953-JST, 2016 U.S. Dist. LEXIS 44800 at *8-9 (N.D. Cal. Apr. 1, 2016). *See also McKinney-Drobnis*, 2017 U.S. Dist. LEXIS 52165 at *19.

This Court should strike the purported affirmative defense *without* leave to amend.

**X.** **Tiger's Purported Twenty-Fourth Affirmative Defense – Plaintiffs and the Alleged Putative Class are Not Similarly Situated – is Factually Insufficient and is Not a Proper Affirmative Defense**

Tiger's twenty-fourth affirmative defense states: *"Given the individual nature of Plaintiffs' claims, class certification is inappropriate because Plaintiffs and the alleged putative class, the existence of which is expressly denied, are not similarly situated."*

The 3AC expressly alleges that Plaintiffs Fishman and Faria are similarly situated to the members of the putative Class and Sub-Classes, as indicated. 3AC at ¶¶ 89-90. If Tiger intends to challenge the allegations – basically, the commonality and typicality factors of Federal Rule of

**18**

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE / MOTION FOR MORE DEFINITE STATEMENT AS TO TIGER'S ANSWER (3:17-CV-05351-WHA)**

Civil Procedure 23 – it would have to state *facts* supporting its position that Fishman and Faria are not similarly situated to the Class/Sub-Class Members.

But in fact, purported affirmative defenses denying class allegations are not cognizable defenses at all; they are denials that Plaintiffs can adequately prove or maintain the matter as a class action, and as such, Tiger's arguments are best addressed by an opposition to a motion for class certification. *Martinez* and *McKinney-Drobnis*, *supra*.

This Court should strike the purported affirmative defense *without* leave to amend.

**Y.** **Tiger's Purported Twenty-Fifth Affirmative Defense – Lack of Adequacy of Representation – is Factually Insufficient and is Not a Proper Affirmative Defense**

Tiger's twenty-fifth affirmative defense states: *"Plaintiffs cannot maintain this action as a class action because they are not proper representatives of the alleged putative class, the existence of which is expressly denied, and the alleged putative class does not have adequate representation."*

The first part of Tiger's defense – that Plaintiffs are not proper representatives of the alleged putative class – is redundant with the twenty-fourth (Not Similarly Situated), twenty-sixth (Conflicting Interests), twenty-seventh (Lack of Commonality), twenty-eighth (Lack of Typicality), and thirtieth (Lack of Community of Interest) causes of action. As for the second part of the defense, Tiger utterly fails to state facts supporting its argument that Plaintiffs' counsel Kimberly Kralowec (author of The UCL Practitioner™ blog located at *www.theuclpractitioner.com*), Kate Rogers, Daniel Balsam, and Jacob Harker cannot adequately represent Plaintiffs and the Class in this Action. Indeed, to date Plaintiffs have prevailed on Tiger's Motion to Dismiss and Plaintiffs' MLAC.

But in fact, purported affirmative defenses denying class allegations are not cognizable defenses at all; they are denials that Plaintiffs can adequately prove or maintain the matter as a class action, and as such, Tiger's arguments are best addressed by an opposition to a motion for class certification. *Martinez* and *McKinney-Drobnis*, *supra*.

This Court should strike the purported affirmative defense *without* leave to amend.

**Z.** **Tiger's Purported Twenty-Sixth Affirmative Defense – Conflicting Interests – is Factually Insufficient and is Not a Proper Affirmative Defense**

Tiger's twenty-sixth affirmative defense states: *"Plaintiffs have interests that conflict with those of the alleged putative class, the existence of which is expressly denied."*

The 3AC expressly states at ¶ 91 that "Plaintiffs will fairly and adequately represent and protect the interests of the Class and Sub-Classes. Plaintiffs have no interests adverse to that of the Class and Sub-Classes." If Tiger is going to challenge that allegation, it would need to state its own supporting facts. And Tiger has a difficult challenge here, because Plaintiffs rejected Tiger's attempt to pick them off via private settlements which would mean selling out the Class.

But in fact, purported affirmative defenses denying class allegations are not cognizable defenses at all; they are denials that Plaintiffs can adequately prove or maintain the matter as a class action, and as such, Tiger's arguments are best addressed by an opposition to a motion for class certification. *Martinez* and *McKinney-Drobnis*, *supra*.

This Court should strike the purported affirmative defense *without* leave to amend.

## AA. Tiger's Purported Twenty-Seventh Affirmative Defense – Lack of Commonality – is Factually Insufficient and is Not a Proper Affirmative Defense

Tiger's twenty-seventh affirmative defense states: *"Given the individual nature of Plaintiffs' claims, class certification is inappropriate because common questions of law or fact do not predominate over questions affecting only individuals."*

This purported affirmative defense overlaps with the twenty-fourth (Plaintiffs and the Alleged Putative Class are Not Similarly Situated). That said, Plaintiffs explain in the 3AC at ¶ 78 how 12 common questions of law and fact predominate over individual questions. The only real individual inquiry is the actual calculation of the damages for each Class Member, and in the 3AC at ¶ 92, Plaintiffs explain how the same methodology applies for each Class Member.

If Tiger is going to challenge the commonality allegations, Tiger needs to state its own facts supporting its position that individual questions predominate over common questions.

But in fact, purported affirmative defenses denying class allegations are not cognizable defenses at all; they are denials that Plaintiffs can adequately prove or maintain the matter as a class action, and as such, Tiger's arguments are best addressed by an opposition to a motion for class certification. *Martinez* and *McKinney-Drobnis*, *supra*.

This Court should strike the purported affirmative defense *without* leave to amend.

## BB. Tiger's Purported Twenty-Eighth Affirmative Defense – Lack of Typicality – is Factually Insufficient and is Not a Proper Affirmative Defense

Tiger's twenty-eighth affirmative defense also states: *"Given the individual nature of Plaintiffs' claims, class certification is inappropriate because common questions of law or fact do not predominate over questions affecting only individuals."*

Plaintiffs allege in the 3AC at ¶ 90 that their claims are typical of the Class and Sub-Classes, and this purported affirmative defense is redundant with the twenty-fourth (Not Similarly Situated).  If Tiger is going to challenge the typicality allegations, Tiger needs to state its own facts supporting its position that Plaintiff Fishman and Faria's claims are not typical of the Class and Sub-Classes.

But in fact, purported affirmative defenses denying class allegations are not cognizable defenses at all; they are denials that Plaintiffs can adequately prove or maintain the matter as a class action, and as such, Tiger's arguments are best addressed by an opposition to a motion for class certification.  *Martinez* and *McKinney-Drobnis*, *supra*.

This Court should strike the purported affirmative defense *without* leave to amend.

## CC. <u>Tiger's Purported Twenty-Ninth Affirmative Defense – Lack of Superiority – is Factually Insufficient and is Not a Proper Affirmative Defense</u>

Tiger's twenty-ninth affirmative defense states: *"Class certification is inappropriate because Plaintiffs cannot demonstrate that class litigation is superior to other available means of adjudication."*

Plaintiffs allege in the 3AC at ¶ 92 in detail why a class action is superior to other available methods for the fair and efficient adjudication of the present controversy.  It is insufficient for Tiger to simply say "no"; if Tiger is going to challenge the superiority allegations, Tiger needs to state its own facts supporting its position that some other method(s) of adjudicating thousands of claims are preferable.  Plaintiffs also point out that they never agreed to a class action waiver or an arbitration provision as part of their oral contracts with Tiger.

But in fact, purported affirmative defenses denying class allegations are not cognizable defenses at all; they are denials that Plaintiffs can adequately prove or maintain the matter as a class action, and as such, Tiger's arguments are best addressed by an opposition to a motion for class certification.  *Martinez* and *McKinney-Drobnis*, *supra*.

This Court should strike the purported affirmative defense *without* leave to amend.

## DD. <u>Tiger's Purported Thirtieth Affirmative Defense – Lack of Community of Interest – is Factually Insufficient and is Not a Proper Affirmative Defense</u>

Tiger's thirtieth affirmative defense states: *"There is no community of interest between Plaintiffs and the alleged putative class, the existence of which is expressly denied."*

This affirmative defense is redundant with the twenty-fourth (Not Similarly Situated), twenty-seventh (Lack of Commonality), and twenty-eighth (Lack of Typicality). If Tiger is going to challenge the "community of interest," Tiger needs to state its own supporting facts.

But in fact, purported affirmative defenses denying class allegations are not cognizable defenses at all; they are denials that Plaintiffs can adequately prove or maintain the matter as a class action, and as such, Tiger's arguments are best addressed by an opposition to a motion for class certification. *Martinez* and *McKinney-Drobnis*, *supra*.

This Court should strike the purported affirmative defense *without* leave to amend.

### EE. Tiger's Purported Thirty-First Affirmative Defense – Alleged Class is Not Readily Ascertainable – is Factually Insufficient and is Not a Proper Affirmative Defense

Tiger's thirty-first affirmative defense states: *"The alleged putative class, the existence of which is expressly denied, is not readily ascertainable."*

This affirmative defense is as conclusory as it is highly implausible. If Tiger is going to take the position that it cannot identify the businesses and consumers whom its Telemarketing Agents called, and with whom it contracted to supply natural gas, and to whom it supposedly mailed terms and conditions, Tiger needs to state supporting facts.

But in fact, purported affirmative defenses denying class allegations are not cognizable defenses at all; they are denials that Plaintiffs can adequately prove or maintain the matter as a class action, and as such, Tiger's arguments are best addressed by an opposition to a motion for class certification. *Martinez* and *McKinney-Drobnis*, *supra*.

This Court should strike the purported affirmative defense *without* leave to amend.

### FF. Tiger's Thirty-Second Affirmative Defense – Failure to Provide Pre-Suit Demand - CLRA Claim – is Factually Insufficient and Fails as a Matter of Law

Tiger's thirty-second affirmative defense states:

> *Insofar as Plaintiffs and/or the putative class seek to recover any damages against Tiger in their Consumers Legal Remedies Act claim, that claim is barred because Plaintiffs* and each member of the putative class *failed to provide Tiger with prior written notice and demand as required by California Civil Code section 1782* [emphasis added].

Nonsense. The CLRA says that "the consumer" must send a notice and demand letter before filing suit and that "any consumer" entitled to bring an action under Section 1780 may bring a (class) action on behalf of similarly situated consumers. *See* Cal. Civ. Code §§ 1782, 1781. In both instances, the statute refers to *consumer* – singular. Tiger failed to state

facts supporting its apparent argument that *each member of the putative class* must send such a letter. Nothing in the statute imposes such a requirement.

This Court should strike the affirmative defense *without* leave to amend.

## GG. Tiger's Thirty-Third Affirmative Defense – No Vicarious Liability – is Factually Insufficient

Tiger's thirty-third affirmative defense states:

> *The [3AC] and each of its causes of action are barred, in whole or in part, because no agency relationship exists between Tiger and any other defendant or third party that would support a theory of vicarious liability against Tiger. Tiger did not have any control over the manner and means by which the alleged calls were made by Defendant Community Gas Center.*

Tiger fails to state facts supporting its conclusory defense. First, Cal. Civil Code § 2295 defines an agent as "one who represents another, called the principal, in dealings with third persons. Such representation is called agency." Exhibit E to the 3AC demonstrates that CGC was representing Tiger when it called Fishman. Tiger fails to state any facts demonstrating that CGC was *not* representing it when CGC called Fishman. Moreover, Tiger's arguments throughout this litigation have demonstrated ratification of CGC's actions.

Second, even assuming – implausible though it sounds – that Tiger did not have *any* control over CGC even as CGC made telemarketing calls advertising Tiger's natural gas price protection program, the question of whether or not Tiger *actually* had control over CGC's calls is not relevant for vicarious liability. Rather, vicarious liability turns on the principal's *right* to control the agent, *De Suza v. Andersack*, 63 Cal. App. 3d 694, 699 (2d Dist. 1976), or its *ability* to control the agent, *Mars v. Wedbush Morgan Securities Inc.*, 231 Cal. App. 3d 1608, 1616 (2d Dist. 1991). So, even if Tiger did not actually exercise the right or ability to control CGC, Tiger failed to state any facts in its affirmative defense tending to demonstrate that it *had no right* and *had no ability* to control CGC even as CGC made telemarketing calls advertising Tiger's natural gas price protection program. Furthermore, the Ninth Circuit held that sellers cannot avoid liability under federal common law principles of agency by outsourcing their telemarketing. *Gomez*, 768 F.3d at 878-879, citing *In re DISH Network LLC*, 288 FCC Rcd 6574, 6588 at ¶ 37.

This Court should strike the affirmative defense *with* leave to amend and order Tiger to state more definite facts, if it can, to support its affirmative defense.

## HH. Tiger's Thirty-Fourth Affirmative Defense – Accidental – is Factually Insufficient

Tiger's thirty-third affirmative defense states:

23

**PLAINTIFFS' NOTICE OF MOTION AND MOTION TO STRIKE / MOTION FOR MORE DEFINITE STATEMENT AS TO TIGER'S ANSWER (3:17-CV-05351-WHA)**

> *While Tiger denies that it engaged in: any wrongful conduct, Tiger is informed and believes and on that basis alleges that the Plaintiffs and the proposed Class and Sub-Classes are not entitled to an award of damages because any allegedly wrongful conduct of Tiger and any other defendant or third party was accidental and in violation of the applicable policies, procedures, telemarketer instruction, and training within the meaning of Business and Professions Code section 17593(d).*

First, Tiger failed to identify the cause(s) of action to which this affirmative defense is directed, although Plaintiffs infer it to be the tenth and twelfth for Unfair Competition, which includes violations of Cal. Business & Professions Code § 17590 (calling telephone numbers on the Do Not Call list) as a predicate violation.

Second, while Tiger notes that Section 17593 creates an affirmative defense for violations of Section 17590 *et seq.* based on the telephone solicitor's policies and procedures and telemarketer instruction and training, all Tiger does in its affirmative defense is parrot the statutory language. Tiger states no facts that it actually has any such policies, procedures, telemarketer instruction, and training. Nor does Tiger state any facts that its Telemarketing Agents have any such policies, procedures, telemarketing instruction, and training. What happened here that was accidental? How did the accident happen? Who made the accident?

This Court should strike the affirmative defense *with* leave to amend and order Tiger to state more definite facts, if it can, to support its affirmative defense.

## II. Tiger's Purported Thirty-Fifth Affirmative Defense – Reservation of Rights – is Not a Proper Affirmative Defense

Tiger's purported thirty-fifth purported affirmative defense states: *"Tiger reserves the right, upon completion of its investigation and discovery, to include such additional defenses and/or counterclaims as may be appropriate."*

However, Tiger may not *reserve* the right to amend its Answer at some unspecified future date. *In J&J Sports Productions*, Judge Alsup stated that

> An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself. Instead, if at some later date defendant[] seek[s] to add affirmative defenses, [she] must comply with Rule 15 of the Federal Rules of Civil Procedure,

2011 U.S. Dist. LEXIS 47075 at *20. The Court ordered the purported affirmative defense stricken.

Thus, Tiger must set forth its affirmative defenses *now* in its Answer, although it may request leave of Court to amend in the future if it discovers facts to support such amendments. This Court should strike the purported affirmative defense *without* leave to amend.

## V. <u>CONCLUSION</u>

With but a few exceptions, Tiger did not even attempt to state facts to support the cookie-cutter, boilerplate affirmative defenses in its Answer to Plaintiffs' Third Amended Complaint. For the most part, Tiger failed to provide Plaintiffs with fair notice of the defenses, including but not limited to stating which affirmative defenses are supposed to apply to which causes of action. Many of the purported affirmative defenses are really "negative" affirmative defenses and should be stricken. Tiger's shotgun approach to its pleading would prejudice Plaintiffs by causing them to needlessly incur additional attorneys' fees for law & motion and discovery merely to identify the bases for the meritless affirmative defenses, much less actually address them.

This Court has stricken such meritless affirmative defenses on many occasions in the past, and it should do so here too. In some cases, as noted, this Court should strike the affirmative defenses with leave to amend to give Tiger an opportunity to make a more definite statement.

THE LAW OFFICES OF DANIEL BALSAM

Dated: __July 7, 2018__          */s/ Daniel L. Balsam*
                                  Daniel L. Balsam
                                  Attorney for Plaintiffs and the Proposed Class