IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY FISHMAN and SUSAN FARIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TIGER NATURAL GAS INC., an Oklahoma corporation; COMMUNITY GAS CENTER INC., a Colorado corporation; JOHN DYET, an individual; and DOES 3–100,<br><br>Defendants. | No. C 17-05351 WHA<br><br>**ORDER GRANTING IN PART PLAINTIFFS' MOTION TO STRIKE AND MOTION FOR MORE DEFINITE STATEMENT** |

**INTRODUCTION**

In this putative class action for false advertising practices and breach of contract, plaintiffs move to strike defendant Tiger's affirmative defenses and, in the alternative, for a more definite statement. For the reasons stated below, the motion is **GRANTED IN PART AND DENIED IN PART**.

**STATEMENT**

Prior to 2015, plaintiffs Emily Fishman and Susan Faria purchased natural gas from PG&E. From approximately April to August of that year, defendant Tiger Natural Gas, Inc., through its agent defendant Community Gas Center Inc. ("CGC"), called plaintiffs to solicit them to buy natural gas from Tiger through its price protection program. During those sales

calls, defendants represented that Tiger customers would be charged a variable rate for natural gas based on the market price, but with a price cap of $0.69 per therm. Plaintiffs allege that defendants did not disclose that Tiger would add a surcharge to the market price. Although defendants advertised the program as "free," Tiger also added a $0.05 daily charge on customers' utility bills. (TAC ¶¶ 15, 24–25, 32–34, 54, 58).

Defendants also represented during their sales calls that PG&E had recently increased its natural gas rates, and that it would continue to do so in the coming years. In reality, the California Public Utilities Commission had only approved a rate increase for gas delivery, not for gas procurement, an important distinction because customers who bought natural gas from Tiger still had their gas delivered by PG&E via its existing pipelines. Accordingly, while PG&E customers had a single line item for "gas charges" on their utility bills, Tiger customers had a line item for gas delivery and a separate line item for Tiger gas procurement charges. Nonetheless, these representations that PG&E's gas supply rates were increasing made Tiger's price cap seem beneficial. In reliance on defendants' representations, or so it is alleged, plaintiffs switched their gas procurement from PG&E to Tiger (TAC ¶¶ 16–17, 32–39, 42–55).

Based on these allegations, the operative complaint brings claims on behalf of themselves and proposed sub-classes for: (1) violations of California recording law; (2) breach of oral contract; (3) violations of PG&E Gas Rule 23 Tariff; (4) breach of third-party beneficiary contract; (5) violations of Consumers Legal Remedies Act; (6) fraud; (7) negligent misrepresentation; (8) violations of regulations on core transport agents; (9) violations of false advertising law; and (10) violations of unfair competition law.

Tiger's operative answer to plaintiffs' third amended complaint contains 35 affirmative defenses and is the subject of this order (Dkt. No. 106). This order follows full briefing. Pursuant to Civil Local Rule 7-1(b), this order finds plaintiffs' motion suitable for submission without oral argument and hereby **VACATES** the hearing scheduled for **SEPTEMBER 27**.

# ANALYSIS

**1. TIMELINESS OF PLAINTIFFS' RULE 12 MOTION.**

Tiger argues that plaintiffs' motion to strike and for a more definite statement is precluded due to a prior order and because plaintiffs' re-noticed motion is untimely. Neither argument is convincing. A motion to strike must be filed within twenty-one days after being served with the allegedly defective pleading. FRCP(f)(2). On June 25, Tiger filed its answer to plaintiffs' third amended complaint, the operative complaint (Dkt. No. 106). Plaintiffs filed their motion to strike that pleading within twenty-one days on July 7 (Dkt. No. 116).

After a hearing on plaintiffs' motion for leave to file a fourth amended complaint — at which hearing the Court vacated plaintiffs' deadline to move for class certification — a June 9 order conditionally granted plaintiffs leave to file a fourth amended complaint (Dkt. Nos. 100, 154 at 1–2). In anticipation of plaintiffs filing a fourth amended complaint, that order requested "no more FRCP 12 practice" (Dkt. No. 100). Rather than adhere to those conditions and file an amended complaint, plaintiffs filed a "notice of non-filing fourth amended complaint and request to revive Rule 12 motion" (Dkt. No. 146). Tiger opposed, and a July 25 order denied plaintiffs' request to "revive" their Rule 12 motion but instructed plaintiffs, instead, that they could re-notice their motion in accordance with this Court's standing orders and our local rules (Dkt. No. 154 at 3). That order did not set a deadline for plaintiffs to re-notice its motion, but they re-noticed their original motion on August 10 within twenty-one days of that order (Dkt. No. 160).

Because plaintiffs had timely filed their original motion and the same complaint is still operative, plaintiffs have met both this Court's orders and the Rule 12 requirement to file a response to Tiger's pleading within twenty-one days.

**2. MOTION TO STRIKE AFFIRMATIVE DEFENSES.**

Under FRCP 12(f), a district court may strike from the pleadings "an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." Although "motions to strike are generally disfavored," *Oracle Corp. v. DrugLogic, Inc.*, 807 F. Supp. 2d 885, 896

3

(N.D. Cal. 2011) (Judge Joseph Spero), the purpose of Rule 12(f) is to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone, Inc. v. Handi-Craft Co.*, 618 F.3d 970, 973 (9th Cir. 2010). Here, a number of Tiger's affirmative defenses should be stricken because they are (1) factually insufficient, (2) redundant negative defenses, or (3) insufficient as a matter of law.

### A. Factually Insufficient Defenses.

#### *(1) Pleading Standards for Affirmative Defenses.*

As an initial matter, the parties disagree as to the pleading standard applicable to affirmative defenses. Rule 8 sets forth the general rules of pleading for complaints and answers. A pleading that states a claim for relief must contain "a short and plain statement of the claim showing that the pleader is entitled to relief," whereas a responsive pleading must "affirmatively state any avoidance or affirmative defense." FRCP 8(a)(2), (c)(1). Our court of appeals has held that "[t]he key to determining the sufficiency of pleading an affirmative defense is whether it gives plaintiff fair notice of the defense." *Wyshak v. City Nat'l Bank*, 607 F.2d 824, 827 (9th Cir. 1979).

However, in the wake of the Supreme Court's decisions which announced a heightened pleading standard for complaints in *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, (2007), and *Ashcroft v. Iqbal*, 556 U.S. 662 (2009), the courts in this district, including the undersigned judge, have generally applied the *Twombly/Iqbal* pleading standard to affirmative defenses. Our court of appeals has not yet addressed the issue. However, without mention of *Twombly* or *Iqbal*, our court of appeals has declined to reverse a district court's grant of summary judgment on one of a defendant's affirmative defenses to an ADA claim against it. *Kohler v. Flava Enters., Inc.*, 779 F.3d 1016, 1019 (9th Cir. 2015). There, the defendant pleaded that the store was "compliant due to its use of 'alternative methods' of accessibility." The court observed that "the 'fair notice' required by the pleading standards only requires describing the defense in 'general terms.'" *Ibid.*

Use of the phrase "fair notice" prompted some district courts to reconsider the pleading standard for affirmative defenses. Indeed, some judges in the Eastern District of California

4

have applied *Kohler* to conclude that the *Twombly/Iqbal* standard does not apply to affirmative defenses. *See, e.g.*, *Sherwin-Williams Co. v. Courtesy Oldsmobile-Cadillac, Inc.*, No. 15-01137, 2016 WL 615335, at *3 (E.D. Cal. Feb. 16, 2016) (Judge Michael Seng) (collecting decisions).

Nonetheless, "even after *Kohler*, courts in this district continue to require affirmative defenses to meet the *Twombly/Iqbal* standard." *J&K IP Assets, LLC v. Armaspec, Inc.*, No. C 17-07308, 2018 WL 3428757, at *3 (N.D. Cal. July 16, 2018) (Judge William Orrick). Indeed, not one court in this district has permitted (over objection) an affirmative defense that asserted a mere legal conclusion. This order finds persuasive the reasoning of the district courts of this circuit and those across the country that apply the *Twombly/Iqbal* standard to affirmative defenses in order to "avoid the expenditure of time and money that must arise from litigating spurious issues by dispensing with those issues prior to trial." *Whittlestone*, 618 F.3d at 973.

Thus, a party pleading an affirmative defense must state "enough supporting facts to nudge a legal claim across the line separating plausibility from mere possibility." *Dion v. Fulton Friedman & Gullace LLP*, No. 11-2727, 2012 WL 160221, at *2 (N.D. Cal. Jan. 17, 2012) (Judge Samuel Conti) (citing *Twombly*, 550 U.S. at 570). This standard does not require "extensive factual allegations," but "bare statements reciting mere legal conclusions may not be sufficient." *Perez v. Gordon & Wong Law Grp., P.C.*, No. 11-3323, 2012 WL 1029425, at *8 (N.D. Cal. Mar. 26, 2012) (Judge Lucy Koh); *CTF Dev., Inc. v. Penta Hospitality, LLC*, No. 09-2429, 2009 WL 3517617, at *7 (N.D. Cal. Oct. 26, 2009) (Judge William Alsup). "The grounds for the motion must appear on the face of the pleading under attack or from matter which the court may judicially notice." *Prods. & Ventures Int'l v. Axus Stationary (Shanghai) Ltd.*, No. 16-0069, 2017 WL 1330598, at *2 (N.D. Cal. April 11, 2017) (Judge Yvonne Rogers) (citing *SEC v. Sands*, 902 F. Supp. 1149, 1165 (C.D. Cal. 1995)).

### *(2)  Analysis of Insufficient Affirmative Defenses.*

Tiger asserts thirty-five affirmative defenses in its answer. The majority of these defenses appear to be boilerplate assertions, and with the exception of the thirty-fifth affirmative defense for reservation of rights (which plaintiffs argue should be stricken

5

because it is not a proper affirmative defense), plaintiffs urge that each defense be stricken as insufficiently pleaded. Tiger opposed plaintiffs' motion to strike, providing factual support for a number of its barren affirmative defenses. "While this after-the-fact explanation might (or might not) be sufficient to survive *Twombly*, the explanation itself was not actually alleged in the pleading itself." *Finjan, Inc. v. Juniper Network, Inc.*, No. C 17-05659, 2018 WL 4181905, at *3 (N.D. Cal. Aug. 31, 2018) (Judge William Alsup); *see also Kelly v. Kosuga*, 358 U.S. 516, 516 (1959). The Court has reviewed each affirmative defense, as pleaded, and reaches the following conclusions.

*First,* Tiger's first (statute of limitations), fourth (laches), sixth (estoppel), and seventh (unclean hands) affirmative defenses all perfunctorily state that the third amended complaint, "and each and every claim for relief herein, is barred" by what defendant alleges to be an applicable affirmative defense. The fourteenth defense (unjust enrichment) equally concludes that the affirmative defense applies with no factual support. This does not provide plaintiffs with the requisite fair notice. *See Qarbon.com Inc. v. eHelp Corp.*, 315 F. Supp. 2d 1046, 1049 (N.D. Cal. 2004) (Judge James Ware) ("A reference to a doctrine, like a reference to statutory provisions is insufficient notice."). For example, Tiger's defenses neither point plaintiffs to specific elements, the allegedly applicable statute, nor to any specific conduct or allegations that could plausibly entitle Tiger to relief. These affirmative defenses are **STRICKEN**.

*Second,* Tiger's fifth affirmative defense asserts that plaintiffs "are not entitled to relief because they waived their right to recover on the claims asserted in the [third amended complaint]." "Waiver is the intentional relinquishment of a known right with knowledge of its existence and the intent to relinquish it." *Catch a Wave, Inc. v. Sirius XM Radio, Inc.*, No. C 12-05791, 2013 WL 1996134, at *2 (N.D. Cal. 13, 2013) (Judge William Alsup). Even in its opposition, Tiger fails to point to any facts that would suggest plaintiffs ever intended to relinquish a known right or even what the right was that plaintiffs supposedly waived. At most, Tiger's opposition argues that plaintiffs "knew of the facts" giving rise to their claims or "knew of [their] obligation to preserve evidence," but neither is a right belonging to plaintiffs which they knowingly relinquished (Opp. 9–10). Since these allegations were not

asserted in Tiger's answer, the requisite fair notice is not met, and this affirmative defense is **STRICKEN**.

*Third,* Tiger's eighth affirmative defense alleges that "[t]o the extent [plaintiffs] suffered any damages . . . [plaintiffs] failed to take the steps necessary to mitigate the damages sustained." Tiger argues in its opposition that plaintiff Fishman waited considerably longer than plaintiff Faria to terminate her service. But defendant must *plead* facts sufficient to establish the plausibility of such affirmative defense, not argue them in a brief opposing a motion to strike. As pleaded, this allegation simply restates the law but asserts no facts that could notify plaintiffs of what opportunities they had to mitigate any of their alleged damages. Additionally, to the extent that plaintiffs seek statutory damages pursuant to California Penal Code Section 632 and restitution for allegedly ill-gotten gains pursuant to its claims under Section 17200 of the California Business and Professions Code, the defense of mitigation is not applicable. This defense is **STRICKEN**.

*Fourth,* Tiger's ninth affirmative defense alleges that "[a]ny injury, damage, or loss sustained by [plaintiffs] is due to the fault of [plaintiffs] or persons or entities other than Tiger and outside of Tiger's control." Relatedly, defendant's sixteenth affirmative defense alleges that "Tiger is entitled to a set off by reason of the fault of [plaintiffs] or persons or entities other than Tiger." Again, these defenses are not pleaded with sufficient particularity to give plaintiff fair notice of their bases. Tiger does not indicate who besides Tiger may have caused plaintiffs' damages. In addition, Tiger does not indicate what conduct by plaintiff or third parties allegedly caused the damages. *See J&J Sports Prods., Inc. v. Mendoza-Govan*, No. C 10-05123, 2011 WL 1544886, at *4 (N.D. Cal. April 25, 2011) (Judge William Alsup). These affirmative defenses are **STRICKEN**.

*Fifth,* Tiger's thirty-second affirmative defense alleges that "in their Consumer Legal Remedies Act ["CLRA"] claim," plaintiffs "failed to provide Tiger with prior written notice and demand as required by California Civil Code [S]ection 1782." Here, defendant sufficiently alleges what plaintiffs failed to do — provide Tiger with prior written notice — and under what section of law it bases that allegation. Plaintiffs argue that the alleged statute does not apply to

7

the CLRA claim brought on behalf of their putative class members because the statute only refers to the singular form of "consumer." In other words, plaintiffs argue that the facts alleged do not apply to the alleged statute, as opposed to arguing that the pre-suit demand affirmative defense is bereft of factual support. This goes to the merits of the defense and whether the named plaintiffs provided defendant with pre-suit demand, not the adequacy of Tiger's pleading. Although plaintiffs also argue that this defense fails as a matter of law, they provide no authority for that assertion, and plaintiffs could reasonably be construed as consumers. Because plaintiffs only argued that this defense was factually insufficient and fails as a matter of law, this order does not address whether this defense is a true affirmative defense or simply negates an element of plaintiffs' prima facie case. Even if it were, inclusion of this allegation as an affirmative defense does not prejudice plaintiffs. This order therefore **DENIES** the motion to strike Tiger's thirty-second affirmative defense.

*Sixth,* Tiger's thirty-third affirmative defense alleges that plaintiffs' claims are barred "because no agency relationship exists between Tiger and any other defendant or third party that would support a theory of vicarious liability against Tiger. Tiger did not have any control over the manner and means by which the alleged calls were made by any third party." This is too conclusory. Here, "defendant just parrots the elements of the affirmative defense." *Catch a Wave*, 2013 WL 1996134, at *2. The only "facts" defendant alleges are that "calls" were made, but defendant alleges no facts that would plausibly demonstrate that defendant had no control over the calls or that no relationship existed between Tiger and any other party that allegedly caused plaintiffs harm. Defendant does not even identify over which relationships it claims no responsibility. Clearly, determining individual and vicarious liability in this action will be a fact-intensive analysis, but "[u]nder the *Iqbal* standard, the burden is on the *defendant* to proffer sufficient facts and law to support an affirmative defense, and not on the plaintiff to gamble on interpreting an insufficient defense in the manner defendant intended." *CTF Dev.*, 2009 WL 3517617, at *8; *see also Kanne v. Conn. Gen. Life Ins. Co.*, 867 F.2d 489, 492 n.4 (9th Cir. 1988). Accordingly, this affirmative defense is **STRICKEN**.

In summary, to the extent Tiger's affirmative defenses are limited to single-sentence recitations of "mere legal conclusions," they do not provide plaintiffs with fair notice. Therefore, Tiger's first, fourth to ninth, fourteenth, sixteenth, and thirty-third affirmative defenses are hereby **STRICKEN**. Plaintiffs' motion to strike the thirty-second affirmative defense is **DENIED**. If Tiger chooses to amend its answer, Tiger should include additional factual allegations that could plausibly entitle it to relief under its affirmative defenses.

### B. Redundant Matter.

"A defense which demonstrates that plaintiff has not met its burden of proof is not an affirmative defense." *Zivkovic v. S. Cal. Edison Co.*, 302 F.3d 1080, 1088 (9th Cir. 2002). Rather, such a defense is "merely rebuttal against the evidence [to be] presented by the plaintiff" and, consequently, when pleaded as an affirmative defense, is "redundant" and subject to being stricken "so as to simplify and streamline the litigation." *See Barnes v. AT&T Pension Benefit Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1173–74 (N.D. Cal. 2010). This order now strikes the following affirmative defenses without leave to amend on the ground that they are not proper affirmative defenses and therefore redundant.

*First,* Tiger's second affirmative defense alleges that plaintiffs "fail[ed] to state a claim upon which relief may be granted." This conclusory allegation would more properly have been brought under a Rule 12(b)(6) motion rather than framing it as an affirmative defense and is therefore **STRICKEN**. However, this order pauses to note that striking this defense does not preclude Tiger from later asserting this type of defense in a Rule 12(c) motion for judgment on the pleadings or at trial pursuant to Rule 12(h)(2). *See G&G Closed Circuit Events, LLC v. Nguyen*, 10-00168, 2010 WL 3749284, at *5 (N.D. Cal. Sept. 23, 2010) (Judge Lucy Koh).

*Second,* Tiger's third affirmative defense alleges that plaintiffs lack standing to assert their claims and to represent a putative class. "Because a plaintiff must plead and ultimately prove standing, lack of standing is not an affirmative defense under federal law." *J&J Sports Prods., Inc. v. Vizcarra*, No. 11-1151 SC, 2001 WL 4501318, at *2 (N.D. Cal. Sept. 27, 2011) (Judge Samuel Conti). While some courts have recognized lack of standing as an affirmative defense, *see Solis v. Couturier*, No. 08–02732, 2009 WL 3055207, at *1 (E.D. Cal. Sept. 17,

9

2009), this order follows those courts that have found that it is not, given that a defendant bears the burden of proof on affirmative defenses but a plaintiff bears the burden of proof to show standing. Also, the Court is unaware of any federal appellate court deciding the issue and defendant does not cite any. In fact, the decision upon which Tiger relies, *Barnum Timber Co. v. U.S. E.P.A.*, 633 F.3d 894, 899 (9th Cir. 2011), states that "each [constitutional standing] element must be supported in the same way as any other matter on which the *plaintiff bears the burden of proof*." *Ibid.* (emphasis added). Here, Tiger also fails to plead facts showing why plaintiffs plausibly lack standing. This affirmative defense is **STRICKEN**.

*Third,* Tiger's twelfth affirmative defense alleging that the third amended complaint "fails to allege facts sufficient to support an award of punitive damages" and the thirteenth affirmative defense that the third amended complaint "fails to allege facts sufficient to support an award of attorneys' fees" are also not true affirmative defenses:

> The award of attorney's fees does not act to preclude a defendant's liability even if a plaintiff proves all of the required elements of the cause of action. Typically, attorneys' fees are collateral to the merits of a cause of action and are awarded after judgment pursuant to Federal Rule of Civil Procedure 54(d)(2).

*Barnes*, 718 F. Supp. 2d at 1174. For similar reasons, an award (or not) of punitive or exemplary damages does not act to preclude a defendant's liability. To the extent that this defense denies liability, that is redundant to plaintiffs' prima facie case. Again, neither defense alleges any facts that plausibly entitle it to relief. Accordingly, these affirmative defenses are **STRICKEN**.

*Fourth,* Tiger's tenth, eleventh, fifteenth, seventeenth to twenty-first, and thirty-fourth affirmative defenses, including allegations of innocent intent, good faith, no proximate cause, fair competition, conduct not unlawful, conduct not unfair, conduct not fraudulent or likely to mislead, puffery, and accidental conduct all simply deny allegations in the complaint. "Affirmative defenses plead matters extraneous to the plaintiff's prima facie case, which deny plaintiff's right to recover, even if the allegations of the complaint are true." *Fed. Deposit Ins. Corp. v. Main Hurdman*, 655 F. Supp. 259, 262 (E.D. Cal. 1987) (citing *Gomez v. Toledo*, 446 U.S. 635, 640–41 (1980). Most of plaintiffs' claims do not require proof of bad faith,

but to the extent that they do, "good faith" only negates plaintiff's prima facie case. *See Mendoza-Govan*, 2011 WL 1544886, at *5. To the extent that these defenses allege ignorance of law, that also is not a defense to liability. *See Jerman v. Carlisle, McNellie, Rini, Kramer & Ulrich LPA*, 559 U.S. 573, 582 (2010). In any case, these defenses are factually devoid. Because these defenses all rebut elements of plaintiffs' prima facie case and are found elsewhere in Tiger's answer, they are not affirmative defenses and may be **STRICKEN** as redundant.

*Fifth,* Tiger's twenty-second affirmative defense, which contains factual assertions, alleges that it "did not acquire any money or property from [plaintiffs] by means of any . . . theory of liability" and that plaintiffs did not pay Tiger "the sums that are the subject of their claim for restitution." Essentially, defendant denies that it ever received ill-gotten gains which might be the subject of restitution or disgorgement. This goes to the merits of plaintiff's claims, not an extraneous matter that would otherwise relieve defendant of liability. *See Solis v. Couturier*, No. 08-02732, 2009 WL 3055207, at *4 (E.D. Cal. Sept. 17, 2009) (Judge Ralph Beistline). Accordingly, the motion to strike Tiger's twenty second affirmative defense is **GRANTED**.

*Sixth,* Tiger's twenty-third to thirty-first affirmative defenses all challenge the legitimacy or ability of plaintiffs to certify a class or sub-classes. Again, class certification and the requirements for obtaining class certification are part of plaintiffs' prima facie case. Therefore, these are not true affirmative defenses and are **STRICKEN**. Additionally, each is factually devoid and is not sufficiently pleaded under *Twombly/Iqbal*.

To recapitulate, to the extent that Tiger's affirmative defenses simply provide a basis to negate an element of plaintiffs' prima facie case, this order finds that plaintiffs are correct as a technical matter that such defenses are not true affirmative defenses. As such, this order **GRANTS** plaintiffs' motion to strike defendant's second, third, tenth to thirteenth, fifteenth, seventeenth to thirty-first, and thirty-fourth affirmative defenses. However, the Court notes that it only does so in this context because it is already striking other affirmative defenses on substantive grounds as previously discussed. Otherwise, the Court may have denied plaintiff's

11

motion to strike these defenses because no prejudice would have resulted in retaining them. *See, e.g.*, *Savage v. Citibank N.A.*, No. C 14-3633, 2015 WL 4880858, at *4 (N.D. Cal. Aug. 14, 2015) (Judge Beth Freeman) ("All of these defenses are redundant and not true affirmative defenses. However, such defenses should come as no surprise to Plaintiff as they are all different ways of saying he cannot prove his case. Whether that is true shall be borne out in discovery and at trial, but there is no prejudice to Plaintiff from maintaining such defenses in the pleadings."). Striking these affirmative defenses does not act to preclude defendants from litigating these points to the extent relevant to any claims asserted by plaintiffs.

### C. Insufficient as a Matter of Law.

Defendant's thirty-fifth affirmative defense alleges that "Tiger reserves the right, upon completion of its investigation and discovery, to include such additional defenses and/or counterclaims as may be appropriate." "An attempt to reserve affirmative defenses for a future date is not a proper affirmative defense in itself. Instead, if at some later date defendant[ ] seek[s] to add affirmative defenses, [it] must comply with Rule 15 of the Federal Rules of Civil Procedure." *Mendoza-Govan*, 2011 WL 1544886, at *7. Although, there is no prejudice to plaintiffs, their motion to strike the twenty-first affirmative defense is **GRANTED**.

### 3. MOTION FOR MORE DEFINITE STATEMENT.

In the alternative, plaintiffs move for a more definite statement of the affirmative defenses that are not stricken. FRCP 12(e) provides that a party may move for a more definite statement when a pleading "is so vague and ambiguous that the party cannot reasonably prepare a response." But as this Court has previously observed:

> Rule 12(e) motions are disfavored and rarely granted. *Cellars v. Pac. Coast Packaging, Inc.*, 189 F.R.D. 575, 578 (N.D. Cal. 1999). The rule is aimed at unintelligibility rather than lack of detail and is only appropriate when the defendants cannot understand the substance of the claim asserted. *Beery v. Hitachi Home Elecs., Inc.*, 157 F.R.D. 477, 480 (C.D. Cal. 1993). "If the detail sought by a motion for more definite statement is obtainable through discovery, the motion should be denied." *Id.*

*Castaneda v. Burger King Corp.*, 597 F. Supp. 2d 1035, 1045 (N.D. Cal. 2009) (Judge William Alsup) (quoting *Wilson v. PFS LLC*, No. C 06-1046, 2006 WL 3841517, at *2 (S.D. Cal. Nov. 2, 2006). Some courts have held, that inasmuch as no responsive pleading is required,

12

as is the case here, it should not be subject to a motion for a more definite statement. *Advanced Diagnostics Mgmt. LLP v. GE Healthcare, Inc.*, 2012 WL 12937485, *1 (S.D. Tex. 2012).

Here, as previously stated, Tiger's thirty-second affirmative defense for plaintiffs' failure to provide pre-suit demand is adequately pleaded under the Rule 8 standard. The factual allegations that plaintiffs failed to "provide Tiger prior written notice and demand as required by California Civil Code [S]ection 1782" are not so vague and ambiguous that plaintiffs cannot seek adequate discovery to prepare a response. Plaintiffs' motion for a more definite response to Tiger's thirty-second affirmative defense is **DENIED**. Because Tiger's other affirmative defenses have been stricken, plaintiffs' motion for a more definite statement is **DENIED AS MOOT**.

## CONCLUSION

For sake of clarity, plaintiffs' motion to strike is **GRANTED IN PART AND DENIED IN PART**. Tiger's first to thirty-first and thirty-fourth to thirty-fifth affirmative defenses are **STRICKEN**. The motion to strike Tiger's thirty-second affirmative defense is **DENIED**. To the extent stated above, Tiger may seek leave to amend its answer to add affirmative defenses and will have until **OCTOBER 4** to file a motion, noticed on the normal 35-day track, for leave to file an amended answer. The motion must include a proposed pleading (and a redlined copy) and must clearly explain why the foregoing problems are overcome by the proposed pleading. Tiger must plead its best case.

Plaintiffs' motion for a more definite statement is **DENIED**. The hearing scheduled for September 27 is **VACATED**.

**IT IS SO ORDERED.**

Dated: September 18, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

13