IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY FISHMAN, individually and on behalf of all others similarly situated, and SUSAN FARIA, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>v.<br><br>TIGER NATURAL GAS, INC., an Oklahoma corporation, COMMUNITY GAS CENTER, INC., a Colorado corporation, and DOES 2–100,<br><br>Defendants. | No. C 17-05351 WHA<br><br>**ORDER DENYING REQUEST FOR ENTRY OF DEFAULT** |

Plaintiffs filed a second amended class action complaint on November 17, 2017. At the hearing on defendant Tiger's motion to dismiss that complaint on February 22, 2018, the Court directed Tiger to disclose to plaintiffs any contact information Tiger had for defendant Community Gas Center, who plaintiffs had yet to serve. In accordance with that order, Tiger wrote to plaintiffs, explained their understanding that CGC was represented by counsel, and provided contact information for Attorney Eric Allen (Dkt. Nos. 29, 171-1).

According to the declaration of plaintiffs' counsel Daniel Balsam, after receiving Attorney Allen's contact information he "confirmed" via a telephone call that "[Eric Allen's] office was authorized to accept service of process." Attorney Balsam wrote the following email to Attorney Allen that same day:

> As you probably know, I represent plaintiffs in the Fishman v. Tiger Natural Gas Inc. class action currently pending in the Northern District of California. I tried calling a few minutes ago to introduce myself, but Chris told me you're out until next week. Chris said I could send the operative second amended complaint your way for service, but it'll probably be a couple days before I can get a new summons, so you'll probably be back by the time it's actually served. There may be a third amended complaint coming, but that depends on how the judge rules after today's hearing on Tiger's Motion to Dismiss and Motion to Strike.

As far as the record reflects, Attorney Allen never responded to this email (Dkt. No. 171-1).

On August 14, plaintiffs requested that the Clerk enter default against CGC and purported to have served CGC through Attorney Allen. On August 21, the Clerk declined plaintiffs' request for default on the ground that Attorney Allen was not a registered agent for service as to CGC. Plaintiffs filed the instant request for default that same day, stating that Attorney Allen was authorized to accept service on CGC's behalf. On October 23, subsequent to plaintiffs' filing of the instant request for default, plaintiffs deposed defendant John Dyet, the owner of CGC. During that deposition, Dyet stated that he never authorized anyone to accept service on CGC's behalf (Dkt. Nos. 166, 170, 171, 218-8).

Proper service of process must be demonstrated before a default may be entered against a defendant. *Martinez v. Aero Caribbean*, No. C 11-03194 WHA, 2014 WL 309589, at \*2 (N.D. Cal. Jan. 28, 2014). Plaintiffs move for default on the theory that they have properly served CGC yet CGC has failed to appear in this action or otherwise respond to the complaint. Among other methods, FRCP 4 provides that service may be accomplished by following state law for serving a summons or delivering a copy of the summons and complaint to an agent authorized by appointment or law to receive service of process. FRCP 4(e)(1), (e)(2)(C). The issue thus becomes whether service was proper.

According to a proof of service dated March 7, 2018, plaintiffs purport to have served CGC by serving the summons and complaint on Attorney Allen. Plaintiffs acknowledge that Attorney Allen is not CGC's registered agent, but argue that he "stated that he was authorized to accept service of process." This assertion is not supported by the record. At most, it appears that an unknown individual named Chris (who appears to work at the same office as Attorney Allen) said that Attorney Balsam "could send the operative second amended

2

complaint [Attorney Allen's] way for service." Even if someone did tell Attorney Balsam that Attorney Allen would accept service on behalf of CGC, such facts do not demonstrate that CGC authorized Attorney Allen to accept service of the summons and complaint in this action. This is especially true in light of Dyet's recent deposition testimony that he never authorized anyone to accept service on CGC's behalf. For the reasons stated above, plaintiffs' motion for entry of default is **DENIED**.

**IT IS SO ORDERED.**

Dated: November 4, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE