IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMILY FISHMAN and SUSAN FARIA, individually and on behalf of all others similarly situated,

Plaintiffs,

v.

TIGER NATURAL GAS, INC., an Oklahoma corporation; COMMUNITY GAS CENTER INC., a Colorado corporation; JOHN DYET, an individual; and DOES 3–100,

Defendants.

No. C 17-05351 WHA

**ORDER GRANTING TIGER'S MOTION FOR LEAVE TO FILE AMENDED ANSWER TO PLAINTIFFS' THIRD AMENDED COMPLAINT**

In this putative class action for fraudulent telemarketing, defendant gas supplier seeks leave to amend its answer to include additional factual allegations to support its affirmative defenses.

The controversy allegedly began when defendant Tiger Natural Gas, Inc., through defendant Community Gas Center Inc. ("CGC"), called each of plaintiffs Emily Fishman and Susan Faria to solicit them to buy natural gas from Tiger through its price protection program. Plaintiffs' allegations have been summarized in prior orders (*see, e.g.*, Dkt. No. 175).

In July 2018, plaintiffs moved to strike Tiger's affirmative defenses to the operative third amended complaint. A September 18 order granted in part and denied in part plaintiffs' motion to strike without a hearing, striking thirty-four of Tiger's thirty-five affirmative

1  defenses. That order gave Tiger until October 4 to file a motion for leave to amend its answer.
2  Tiger timely moved for leave to amend and submitted a proposed amended answer. At oral
3  argument the undersigned judge indicated his tentative view that Tiger asserted too many
4  conclusory affirmative defenses which lacked sufficient facts. Tiger was allowed to submit a
5  new proposed answer, limited to pleading additional relevant facts supporting only those
6  affirmative defenses previously asserted in its proposed amended answer. Tiger timely
7  submitted a second proposed amended answer (Dkt. Nos. 116, 175, 195, 236, 241).

The undersigned judge has reviewed the proposed amendments to Tiger's six affirmative defenses and concludes they are not entirely futile. Although they may or may not operate to bar one or more of plaintiffs' claims to relief, that can be determined at trial or on a motion for summary judgment. For present purposes, these defenses have been sufficiently pleaded. Tiger's motion for leave to amend is **GRANTED**. This order in no way suggests that Tiger has or will ultimately prevail on any of its affirmative defenses, only that enough plausibility has been shown to allow Tiger the chance to do so. Tiger must file and serve an amended answer that comports with this order by **NOVEMBER 26 AT NOON**.

**IT IS SO ORDERED.**

Dated: November 19, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE