IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMILY FISHMAN and SUSAN FARIA, individually and on behalf of others similarly situated,

    Plaintiffs,

  v.

TIGER NATURAL GAS INC., an Oklahoma corporation; COMMUNITY GAS CENTER INC., a Colorado corporation; JOHN DYET, an individual; and DOES 3-100

    Defendants.

No. C 17-05351 WHA

**ORDER GRANTING MOTION TO SERVE DEFENDANT COMMUNITY GAS CENTER BY EMAIL**

**INTRODUCTION**

In this class action for violations of California's Recording Law, plaintiffs move for leave to serve defendant Community Gas Center by e-mail. For the following reasons, the motion is **GRANTED**. The December 13 hearing is **VACATED**.

**STATEMENT**

During a February 2018 hearing, the undersigned judge directed defendant Tiger Natural Gas, Inc. to disclose any contact information Tiger had for defendant Community Gas Center, who plaintiffs had yet to serve. In accordance with that order, Tiger explained their understanding that CGC was represented by counsel and provided contact information for Attorney Eric Allen. After receiving Attorney Allen's contact information, plaintiffs' counsel had a telephone call with Attorney Allen's office who indicated that Attorney Allen was

authorized to accept service of process for CGC. Plaintiffs subsequently mailed a copy of the complaint and summons to Attorney Allen's office (Dkt. Nos. 80, 166, 170–71).

In June 2018, plaintiffs filed a motion to serve defendant John Dyet by e-mail. Although Dyet was CGC's agent for service of process, the June 2018 motion did not request to serve CGC by e-mail because plaintiffs believed they had effected service on CGC. At a July 19 evidentiary hearing on the motion, Colorado process server DeEtte Bryson and Regus Executive Office community manager Chris Estes testified regarding plaintiffs' efforts to serve Dyet at multiple addresses, including addresses in San Francisco and Colorado associated with CGC. For the reasons stated and findings made on the record at the July 19 hearing, a July 20 order granted plaintiffs' motion to serve Dyet and certain of Dyet's many telemarketing companies (Consumer Protection Association, Kind Energy, Energy Choice Center, and Customer Choice Center) by e-mail (Dkt. Nos. 104, 144).

After CGC failed to respond to the operative complaint, plaintiffs filed a request for default on the ground that CGC had authorized Attorney Allen to accept service. In Dyet's recent deposition, however, Dyet stated that he never authorized anyone to accept service for CGC. A November 4 order accordingly concluded that plaintiffs had failed to demonstrate that CGC authorized Attorney Allen to accept service and denied plaintiffs' request for entry of default (Dkt. Nos. 166, 170, 171, 218-8, 226).

Also during Dyet's deposition, Dyet claimed to live at an address in New Port Richey, Florida. Plaintiffs have served Dyet's sister with a subpoena at the New Port Richey address, but have not succeeded in serving Dyet there. When asked by plaintiffs' process serve, Dyet's sister explained that Dyet had never lived there. Plaintiffs' process server also could not find Dyet at another Florida address associated with Dyet and his other telemarketing companies. Plaintiffs accordingly move to serve CGC by e-mail (Dkt. No. 244).

Although a copy of this motion was e-mailed to Dyet and CGC at their last-known e-mail addresses, no opposition has been received. Pursuant to Civil Local Rule 7–1(b), this order determines that the motion is appropriate for resolution without oral argument and accordingly **VACATES** the December 13 hearing.

2

**ANALYSIS**

FRCP 4(e)(1) provides that service may be made by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made . . . ." This order therefore turns to California law to identify permissible methods of service. To that end, Section 413.30 of the California Code of Civil Procedure states:

> Where no provision is made in this chapter or other law for the service of summons, the court in which the action is pending may direct that summons be served in a manner which is reasonably calculated to give actual notice to the party to be served and that proof of such service be made as prescribed by the court.

Here, plaintiffs have demonstrated that CGC's owner and registered agent for service, Dyet, cannot with reasonable diligence be found. Based on the evidence adduced at the July 19 evidentiary hearing, a prior order concluded that plaintiff had made reasonable attempts to serve Dyet at various addresses in California and Colorado. The addresses associated with CGC are those very same addresses. Moreover, because Dyet appeared in this action after receiving service by e-mail, serving Dyet by e-mail is reasonably calculated to give actual notice to CGC. The motion to serve the summons and complaint via e-mail is **GRANTED**.

**CONCLUSION**

For the foregoing reasons, plaintiffs' motion to serve by email is **GRANTED**. The hearing set for December 13 is **VACATED**.

**IT IS SO ORDERED.**

Dated: December 6, 2018.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

3