UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| EMILY FISHMAN, et al.,<br>Plaintiffs,<br>v.<br>TIGER NATURAL GAS, INC., et al.,<br>Defendants. | Case No. 17-cv-05351-WHA (TSH)<br><br>**DISCOVERY ORDER**<br>Re: Dkt. No. 319 |

Defendant Tiger Natural Gas, Inc. ("Tiger") has moved to compel the Pacific Gas and Electric Company ("PG&E") to comply with a deposition and document subpoena. ECF No. 319. Some procedural background is helpful to understand the motion. On November 20, 2018 Judge Alsup granted class certification with regard to the California recording law, but denied it with respect to the California consumer protection statutes, citing Plaintiffs' inability to show they can obtain records from PG&E to prove damages on a classwide basis. ECF No. 250.

The following day Plaintiffs served a subpoena on PG&E for a December 7, 2018 deposition concerning six topics about PG&E's billing data and records. Plaintiffs served an amended subpoena on November 29, 2018 with nine topics of examination, again all about billing data and records. The following day Tiger served a Rule 45 notice on Plaintiffs of Tiger's intent to serve a subpoena on PG&E. The subpoena's topics for examination incorporated by reference all of Plaintiffs' topics and added three more. It also noticed the deposition for December 7, at the same location Plaintiffs' subpoenas had noticed. In addition, Tiger's subpoena requested production of certain records (unlike Plaintiffs' subpoenas, which sought only testimony *about* records). Tiger served the subpoena on PG&E on December 3.

PG&E emailed Plaintiffs its objections to their subpoenas on December 5, 2018. Plaintiffs

1  and PG&E then worked out an agreement that Plaintiffs would drop their deposition subpoenas in
2  exchange for the Declaration of Kellie Reem. (In brief, the Reem declaration states that PG&E
3  retains certain data and records since at least July 2013.) At that point PG&E decided not to show
4  up for the deposition noticed for December 7. However, Tiger had not withdrawn its own
5  subpoena to PG&E; nor had PG&E served any objections to Tiger's subpoena. At the deposition,
6  Tiger made a record of PG&E's nonappearance.

   This looks bad, but there is no evidence that the PG&E attorney responsible for handling Tiger's subpoena actually knew before December 10 that PG&E had in fact been served with one. There was a delay in PG&E's assigned paralegal's realizing that the subpoena had been received due to the large number of subpoenas PG&E received in that time period and the backlog in logging them following the Thanksgiving holiday. In any event, Tiger did not get to depose PG&E. On December 13, 2018, PG&E emailed Tiger its objections to the latter's subpoena.

   On December 16, 2018 Plaintiffs filed a supplemental motion to certify a class under the consumer protection statutes, saying that the Reem declaration shows that the data exist to support a finding of classwide damages. Judge Alsup denied this motion, stating that "plaintiffs may have shown that certain data *exists* but they have not shown that this data is *available*," i.e., that Plaintiffs can obtain it. ECF No. 331.

   With that background, the Court turns to the merits of the motion. As an initial matter, the Court finds that PG&E has not waived its objections to Tiger's subpoena. While PG&E should have done a better job tracking the subpoena, serving a subpoena only four days before the date of compliance was unreasonable and prejudiced PG&E's ability to respond in a timely fashion.

   Rule 45 provides that a district court "must quash or modify a subpoena that" "fails to allow a reasonable time to comply" or that "subjects a person to undue burden." Tiger's subpoena fails both of those criteria. With respect to document requests 1-5, PG&E states that although this information is contained in its Customer Care and Billing database, PG&E does not have a standard reporting tool that could pull the requested information, so it would have to build, test and verify a customized report. In addition, because these requests include metering information and personal identifying information, PG&E would need to provide the affected customers – here,

2

thousands of them – with seven days' notice and an opportunity to object before producing the requested data. It was impossible for PG&E to comply with these requests in the four days between service of the subpoena on December 3 and the December 7 deadline for compliance, or even in the 11 days between service of the subpoena and the close of fact discovery on December 14. Requests 6 and 7 are much narrower, to be sure, because they relate only to the named Plaintiffs. But the notice and opportunity to object requirements in Gas Rule 27 also made compliance by the return date of December 7 a literal impossibility and by the December 14 close of fact discovery a practical impossibility. Request 8 is again extremely broad, would have triggered the notice requirement, and could not have been complied with by either December 7 or 14. Deposition topic 1 incorporated by reference all of the Plaintiffs' deposition topics, and, when combined with topics 2-4, made four days' notice (or even 11, if measured against the close of fact discovery instead of the deadline for compliance stated in the subpoena) an unreasonable time to comply. Put simply, this was a broad subpoena. A litigant that wants this much information from a non-party should not wait until the closing days of fact discovery to serve a subpoena like this, and then demand compliance in four days.

Tiger argues it is not to blame for the late service of the subpoena, contending that Judge Alsup's November 20, 2018 class certification order is what put it on notice that it needed to subpoena PG&E for this information. *See* ECF No. 250 at 4 ("Going forward, Tiger bears the burden of demonstrating that any particular class member does not fit within the class definition because she switched to Tiger's program from another CTA."). In reality, that argument has nothing to do with most of the deposition topics in Tiger's subpoena, nor with document requests 3-8. It does relate to document requests 1 and 2 but does not change the fact that there is no way PG&E could have produced this data in the four days Tiger demanded or even in the 11 days between December 3 and the close of fact discovery. The Court notes that the only reason Tiger bears the burden of showing that a particular alleged class member is not actually a member of the recording law class is Tiger's "own failure to maintain records" as required by Gas Rule 23. *Id*.

However, one issue remains. Tiger's subpoena had both an offensive purpose (get information) and a defensive purpose (undermine information PG&E might give to Plaintiffs in

3

response to Plaintiffs' subpoenas). Plaintiffs' subpoenas were an attempt to get information from PG&E so they could use it in support of their renewed class certification motion. The defensive purpose of Tiger's cross-notice, and the reason its subpoena incorporated all of Plaintiffs' deposition topics by reference, was to ensure that Tiger could cross-examine PG&E concerning whatever information PG&E provided to Plaintiffs. After all, Plaintiffs were trying to get information to support their renewed class certification motion, and Tiger justifiably wanted to ensure it had a seat at the table and could also ask the witness questions. When Plaintiffs dropped their deposition subpoenas in exchange for a declaration, and then PG&E did not show up for Tiger's noticed deposition, Tiger's ability to cross-examine PG&E was destroyed. Plaintiffs then ran into Court with the Reem declaration in support of their renewed class certification motion, untroubled by the possibility that the declaration could be undermined by adverse testimony – because there wouldn't be any PG&E testimony. This was unfair to Tiger.

At oral argument the Court offered to order PG&E to sit for deposition concerning the content of the Reem declaration. Tiger declined the offer. Yes, at the time it seemed like Tiger had been prejudiced by the production of the uncross-examined declaration, but it doesn't matter anymore. Judge Alsup's recent order means that the Reem declaration got Plaintiffs nowhere, and Tiger sees no need to cross-examine PG&E about it.

Accordingly, Tiger's motion to compel PG&E, in its entirety, is **DENIED**.

**IT IS SO ORDERED.**

Dated: December 21, 2018

THOMAS S. HIXSON
United States Magistrate Judge

4