UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

EMILY FISHMAN, et al.,
          Plaintiffs,
    v.
TIGER NATURAL GAS, INC., et al.,
          Defendants.

Case No. 17-cv-05351-WHA (TSH)

**DISCOVERY ORDER**

Re: Dkt. Nos. 342, 343

The parties have filed five discovery letter briefs. ECF Nos. 342, 343, 346, 347 and 348. The Court held oral argument on December 28, 2018 and now issues this order.

**A.    ECF No. 342**

    **1.    Rogs 4, 5, 6, 7, 8, 9, 10, 16, 20, 23, 24**

For these rogs, the parties agree that Dyet will need to examine documents before any further information can be provided. The Court and the parties discussed when Dyet can serve amended responses. The parties agreed that Dyet will serve amended responses on January 8, 2019. Thereafter if Plaintiffs remain unsatisfied with Dyet's responses, the parties should file a joint letter brief in sufficient time for the Court to resolve the dispute and any amended responses to be served by January 31, 2019. It is too late to file letter briefs raising new discovery disputes. However, the Court already ordered Dyet to amend these rog responses, *see* ECF No. 294, so a further letter brief concerning them is not a new discovery issue but relates to the enforcement of an existing Court order.

    **2.    Rog 15**

Dyet's amended response is deficient. The Court already ordered Dyet to answer this interrogatory, ECF No. 294, and since the amended response contains no information at all, Dyet

is in violation of the Court's order. The Court **ORDERS** Dyet to amend his response again by January 15, 2019. In the next amended response, any citation to documents must specify them by Bates number. Dyet may no longer merely state that he is investigating or doing a search for documents – he must provide the best substantive answer he can to the rog.

**3.     Initial Disclosures**

Dyet must serve his initial disclosures by January 18, 2019.

**4.     Request for more RFAs**

Plaintiffs request "that this Court allow additional Requests for Admission solely for authentication of documents." However, Judge Alsup ruled that "[w]ith respect to non-expert discovery, no new discovery request may be propounded effective immediately." ECF No. 274 at 2. Accordingly, Plaintiffs' request is **DENIED**.

**B.     ECF No. 343**

Plaintiffs served their second set of RFPs on Dyet on November 18, 2018. His responses were due on December 18, 2018, which is after the December 14, 2018 fact discovery cutoff. Accordingly, Dyet need not produce documents in response to these untimely RFPs. There was no reason for Plaintiffs to delay this long in serving these RFPs. Plaintiffs previously served Dyet with their first set of RFPs in July – five months before the fact discovery cutoff – and they have offered to reason why they could not have also timely served their second set of RFPs. The motion to compel is **DENIED**.

**C.     ECF No. 346**

Plaintiffs seek a second deposition of Tiger's Controller, Jennifer St. Clair, and its President, Lori Johnson. Plaintiffs state that Tiger produced draft scripts, advertising materials, advertising strategy materials, two versions of the Master Sheet, and enrollment data after Plaintiffs deposed these witnesses. In addition, the Court has ordered Tiger to produce a key or legend that would explain the rate codes, *see* ECF No. 335, which Plaintiffs state Tiger has not yet produced.

As to the scripts, Master Sheets, and key or legend about the rate codes, the Court has already ordered the re-deposition of a Rule 30(b)(6) witness on a broad scope of topics and a re-

deposition of Rachel Harvick Strealy in light of those late productions. ECF No. 335. At this point Plaintiffs are just piling on. Further re-depositions on St. Clair and Johnson on those topics are duplicative and excessive and are **DENIED**.

The Court **ORDERS** that Plaintiffs may re-depose Johnson on the limited subjects of marketing strategy and sales material documents that were produced after her deposition. The Court **ORDERS** that Plaintiffs may re-depose St. Clair on the limited subjects of documents produced after her deposition about enrollment data, payments to Dyet, and her communications with Dyet. Both depositions shall be completed by January 18, 2019. Pursuant to Judge Alsup's Supplemental Standing Order, Tiger shall bear all expense of these depositions.

**D.     ECF No. 347**

    **1.     TPV Recordings**

There is no dispute for the Court to resolve.

    **2.     Master Sheet**

Plaintiffs state in the letter brief that "[t]o the extent that the 'Master Sheets' are incomplete, Plaintiffs request an order that Tiger produce all 'Master Sheets' containing class members' information." From this, it was unclear if there is a dispute for the Court to resolve, although a request for every iteration of a constantly updated spreadsheet appears unreasonable. At oral argument, however, Plaintiffs clarified that they are actually seeking the most recent version of each type of Master Sheet. Tiger represents that it has produced those. Accordingly, there is no dispute for the Court to resolve.

    **3.     Payment Information**

There is no dispute for the Court to resolve.

**E.     ECF No. 348**

    **1.     Telemarketer Information**

Plaintiffs state that on December 14, 2018, the last day of fact discovery, Tiger produced an incomplete Master Sheet, later supplemented on December 20, 2018, that has a column containing the first and last names of the telemarketing agents who contacted members of the putative class. Plaintiffs say they did not have this information previously, hindering their ability

to locate the telemarketers and depose them. Plaintiffs request an order that they be allowed to take five additional depositions, including beyond their current limit of 10 and that they may take the depositions after January 31, 2019 if necessary. Tiger states that it does not oppose Plaintiffs' request to take additional depositions of CGC/ECC employees up to January 31, 2019 and within the Plaintiffs' limit of 10 depositions.

Tiger's position is reasonable. The January 31, 2019 deadline was ordered by Judge Alsup. *See* ECF No. 274. The late discovery of the telemarketer names is unrelated to the number of depositions that is reasonable and proportional to the needs of the case. Accordingly, the Court **ORDERS** that Plaintiffs may depose additional CGC/ECC employees up to their limit of 10 depositions and no later than January 31.[1]

### 2. Servers, Hard Drives, Databases and Email Systems

Citing the late production of certain documents as well as accusations of incomplete searches for documents, Plaintiffs "request that a third party be engaged to search Tiger's servers, databases, and email systems for ESI. Also, Plaintiffs request that the endeavor be commenced immediately and at Tiger's expense." Plaintiffs state that the gist of the problem is that Tiger maintains an H drive in which employees maintain folders of custodial documents. Apparently, employees were instructed to search those folders on their own, and Plaintiffs maintain those searches were inadequate, citing in particular the late production of electronic scripts and Master Sheets (including telemarketer information contained on the Master Sheets). Tiger represents that it has investigated this issue and determined that Strealy and Johnson did not properly search their custodial files on the H drive. Tiger represents that it rectified this issue and produced additional responsive documents by December 20, 2018. Tiger also offers to provide Plaintiffs with a list of the individuals who searched each employee's folder on the H drive and what search terms they ran. Plaintiffs do not agree this remedy is sufficient, contending that Tiger located these errors only in response to Plaintiffs pointing them out, which leaves Plaintiffs guessing if there could be additional search errors.

---

[1] When this Court orders a witness re-deposed due to the late production of documents, that does not count as an additional deposition toward Plaintiffs' limit of 10.

4

The Court is sympathetic to Plaintiffs' frustrations, but the extreme remedy they seek is simply not appropriate for this case. As matters stand now, the Court has no basis other than conjecture to think that there are any omissions in Tiger's document productions. In addition, it would be impossible to complete Plaintiffs' requested endeavor by the January 31 deadline. *See* ECF No. 274. Accordingly, the Court **ORDERS** Tiger to inform Plaintiffs by January 4, 2019 of the identities of the individuals who performed searches on employees' folders on the H drive and what search terms they used. Plaintiffs' request is otherwise **DENIED**.

**IT IS SO ORDERED.**

Dated: December 28, 2018

THOMAS S. HIXSON
United States Magistrate Judge