IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

EMILY FISHMAN and SUSAN FARIA, individually and on behalf of others similarly situated,

Plaintiffs,

v.

TIGER NATURAL GAS INC., an Oklahoma corporation; COMMUNITY GAS CENTER INC., a Colorado corporation; JOHN DYET, an individual; and DOES 3-100

Defendants.

No. C 17-05351 WHA

**ORDER RE MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND MOTION FOR AWARD OF ATTORNEY'S FEES**

**INTRODUCTION**

In this class action for violations of California's Recording Law, plaintiffs move for final approval of a proposed class settlement and for attorney's fees and expenses. Defendants do not oppose. For the reasons below, the motion for final approval of the class settlement is **GRANTED**. The motion for attorney's fees and costs is **GRANTED IN PART**.

**STATEMENT**

Prior orders set forth the detailed background of this case (*see, e.g.*, Dkt. Nos. 249–50). In short, defendant John Dyet owned several telemarketing companies, including defendant Community Gas Center, Inc. Beginning in 2014, CGC called PG&E customers to promote defendant Tiger Natural Gas, Inc.'s capped-rate program, pursuant to which program Tiger's supply rate for natural gas would be capped at $0.69 per therm. This case stems from alleged

misrepresentations made during these phone solicitations to PG&E's customers. Plaintiffs further alleged that defendants recorded these sales calls without customers' consent.

Plaintiff Emily Fishman filed her initial complaint in August 2017. Plaintiffs' most recent iteration of the complaint contained thirteen claims for relief, including for violations of California's Recording Law, California's Unfair Competition Law, and California's Consumers Legal Remedies Act. A November 2018 order certified the following class only with respect to plaintiffs' Recording Law claim, denying without prejudice certification as to the Section 17200 and CLRA claims (Dkt. Nos. 1, 101, 250):

> <u>Tiger/PG&E Customer Class:</u> All California consumers and businesses that were customers of PG&E at the time they enrolled in Tiger's capped-rate price protection program after receiving a telemarketing call advertising the program between August 18, 2013, and the present.

With respect to the Section 17200 and CLRA claims, the class certification order explained that although plaintiffs argued they could show the existence of damages on an aggregate, classwide basis using PG&E's data, they had failed to show that such information existed or was available and, as a result, plaintiffs had failed to meet their burden of showing that FRCP 23(b)(3)'s requirements had been met. The order further provided that if plaintiffs obtained the necessary proof from PG&E, the Court would consider a supplemental motion for class certification (Dkt. No. 250).

A February order granted plaintiffs' motion for preliminary approval of a proposed class settlement. The same order approved, as to form and content, a notice concerning the class settlement agreement and final approval hearing (Dkt. No. 379). The settlement administrator mailed notice of the proposed class settlement and fee request to 26,857 class members and posted all relevant documents on a website. 94 percent of the class received notice by mail. Of the 2,477 notice packets initially returned as undeliverable without forwarding addresses, the claims administrator was able to locate updated addresses for 795 class members. An additional 1,186 class members received either email notice or an outreach phone call to inform them of the settlement. Fifteen members requested to opt out and no class members have objected to the settlement (Morrison Decl. ¶¶ 3–16).

Plaintiffs now move for final approval of the proposed class settlement of $3.7 million and for an award of $925,000 in attorney's fees (comprising 25 percent of the gross settlement fund), $217,127.91 in unreimbursed expenses, and an incentive award of $1,500 for each of the two named plaintiffs. Defendants do not oppose. This order follows full briefing and oral argument (Dkt. Nos. 399, 402–04).

**ANALYSIS**

Federal Rule of Civil Procedure 23(e) provides that "[t]he claims, issues, or defenses of a certified class . . . may be settled . . . only with the court's approval." When a proposed settlement agreement is presented, the district court must perform two tasks: (1) direct notice in a reasonable manner to all class members who would be bound by the proposal, and (2) approve the settlement only after a hearing and on finding that the terms of the agreement are fair, reasonable, and adequate. FRCP 23(e)(1)–(2).

**1. FINAL APPROVAL OF PROPOSED CLASS SETTLEMENT.**

**A. Adequacy of Notice.**

The notice must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Mullane v. Central Hanover Bank & Tr. Co.*, 339 U.S. 306, 314 (1950) (citations omitted). It must also describe "the terms of the settlement in sufficient detail to alert those with adverse viewpoints to investigate and to come forward and be heard." *Mendoza v. Tucson Sch. Dist. No. 1*, 623 F.2d 1338, 1352 (9th Cir. 1980). The undersigned judge previously approved the form, content, and planned distribution of the class notice (Dkt. No. 379). As described above, the claims administrator has fulfilled the notice plan. This order accordingly finds that notice to class members was adequate.

In addition to the notice already sent by the claims administrator, class counsel propose to include a further notice with class members' settlement checks (which will not impose any additional cost). According to class counsel, California Deputy Attorney General Sheldon Jaffe contacted them regarding the settlement and expressed that class members should be informed that they can cancel Tiger's program without any penalties or fees. To address this concern,

3

class counsel now proposes including the following language with class members' settlement checks:

> PLEASE NOTE: You may still be a customer of Tiger Natural Gas Inc.'s ("Tiger") cap-rate/price-protection program even though your monthly gas bill comes from PG&E. If you are, you can cancel your Tiger service at any time with no cancellation fees, and use PG&E (or another gas company) to supply your natural gas. To see if you are a Tiger customer, look at your monthly PG&E bill. If you see a page that says "Details of TIGER NATURAL GAS INC. Gas Procurement Charges" at the top left, which usually comes after the electricity pages, that means that Tiger is supplying the gas that PG&E is delivering. To cancel Tiger's cap-rate/price protection program with no penalties, call Tiger at 888-875-6122, and then PG&E will automatically become your gas supplier. For other questions or concerns about your gas service, please call PG&E at 877-660-6789 (residential customers) or 800-468-4743 (business customers).

This order agrees that including the above-cited language would be beneficial for class members and accordingly **GRANTS** plaintiffs' request to include it with class members' settlement checks.

### B. Scope of Release

This settlement releases only the Recording Law, Section 17200, and CLRA claims asserted in the action. The ten other claims alleged in the operative complaint will be dismissed with prejudice. Furthermore, the class is defined as the same as that in the class certification order, so a subclass of only consumers would be used for the CLRA claim. This scope of release is thus appropriately tailored an approved.

### C. Fairness, Reasonableness, and Adequacy of Proposed Settlement.

A district court may approve a proposed class settlement only upon finding that it is fair, reasonable, and adequate, taking into account (1) the strength of the plaintiffs' case; (2) the risk, expense, complexity, and likely duration of further litigation; (3) the risk of maintaining class action status throughout the trial; (4) the amount offered in settlement; (5) the extent of discovery completed and the stage of the proceedings; (6) the experience and view of counsel; (7) the presence of a governmental participant; and (8) the reaction of the class members to the proposed settlement. FRCP 23(e); *In re Online DVD-Rental Antitrust Litig.*, 779 F.3d 934, 944 (9th Cir. 2015). For the following reasons and for the reasons stated in the February 2019 order (Dkt. No. 379), this order finds that the proposed class settlement is fair, reasonable, and adequate under FRCP 23(e).

*First*, the settlement terms are fair, reasonable, and adequate. Although the gross settlement fund of $3.7 million amounts to only 2.78 percent of the statutory damages that plaintiffs contend are owed to the class, there exists a serious risk that defendants would go bankrupt and the class would be left with much less (if anything) even if plaintiffs did succeed at trial. With respect to plaintiffs' Section 17200 and CLRA claims, the proposed settlement provides for injunctive relief prohibiting Tiger from engaging in the misleading business practices alleged in this case. Furthermore, the class representatives and class counsel have adequately represented the class. The parties reached the proposed settlement after nearly two years of contentious litigation and a settlement conference with Magistrate Judge Laporte, the scope of the class definition and release in the settlement agreement is appropriately tailored, and no class member has objected to the settlement.

*Second*, the plan of allocation of the settlement proceeds is fair and reasonable. The net settlement after the deduction of expenses, attorney's fees, and any incentive award will be distributed evenly amongst the nearly 27,000 class members. In the event that any class member does not cash their settlement check, leftover funds will go to *cy pres* recipient The Utility Reform Network. The proposed settlement agreement does not require class members to participate in a claims process in order to claim their share of the settlement fund.

In short, having considered the applicable factors, this order finds the proposed class settlement is fair, reasonable, and adequate so as to warrant final approval. Accordingly, final approval of the proposed class settlement and plan of allocation is **GRANTED**.

**2.    MOTION FOR ATTORNEY'S FEES, EXPENSES, AND INCENTIVE AWARD.**

**A.    Expenses.**

Class counsel seek to recover from the settlement fund $217,128 in litigation expenses. The largest component of these expenses is "class notice and administration" ($87,494.58). The second largest component are "experts/consultants/special master" ($86,079.11). Counsel also seek reimbursement for depositions ($22,081.31), research ($3,833.52), and "process servers, postage, messengers" ($2,439.82). These expenses were a reasonable and necessary part of the

litigation, and are of a type customarily billed to a fee-paying client. No class member objected to recovery of these costs. The motion for reimbursement of these costs is **GRANTED**.

### B. Incentive Award.

Plaintiffs each request a $1,500 service award. A class representative should not get a bonus. If the settlement is not good enough for the representative, it should not be good enough for the class. Only where the class representative has actually incurred genuine out-of-pocket costs should those costs be considered. In this case, the record is silent as to what costs plaintiffs incurred. The request for a service award is accordingly **DENIED**.

### C. Attorney's Fees.

A district court must ensure that attorney's fees are "fair, adequate, and reasonable," even if the parties have entered into a settlement agreement that provides for those fees. *Staton v. Boeing Co.*, 327 F.3d 938, 963–64 (9th Cir. 2003). "In 'common-fund' cases where the settlement or award creates a large fund for distribution to the class, the district court has discretion to use either a percentage or lodestar method." Our court of appeals has recognized 25 percent of the common fund as a benchmark award for attorney's fees. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1029 (9th Cir. 1998).

As stated, class counsel seek $925,000 — or 25 percent of the gross settlement fund and less than half of counsel's claimed lodestar of $1,977,522. Counsel conducted substantial motion practice and extensive discovery. Moreover, counsel also worked on a contingent-fee basis despite the risks of litigation, which were substantial in this case — and for approximately two years. All of these factors strongly weigh in favor of an attorney's fees payment in line with our court of appeals' benchmark of 25 percent.

Still, in light of the $217,128 in expenses claimed in this case, the $3.7 million recovery is reduced to a net settlement fund of $3,482,872. As such, the $925,000 requested fee, representing 27% of that amount, is too high an award. Such a fee would come out of the pocket of class members. A resulting award of $870,718 representing 25% of the net settlement fund is fair, adequate, and reasonable. The request for attorney's fees of $925,000 is accordingly **DENIED**. The undersigned instead awards class counsel attorney's fees of $870,718.

**CONCLUSION**

Accordingly, it is hereby ordered as follows:

1. The notice of settlement, as well as the manner in which it was sent to class members, fairly and adequately described the proposed class settlement, the manner in which class members could object to or participate in the settlement, and the manner in which class members could opt out of the class; was the best notice practicable under the circumstances; was valid, due, and sufficient notice to class members; and complied fully with the Federal Rules of Civil Procedure, due process, and all other applicable laws. A full and fair opportunity has been afforded to class members to participate in the proceedings convened to determine whether the proposed class settlement should be given final approval. Accordingly, the undersigned hereby determines that all class members who did not exclude themselves from the settlement by filing a timely request for exclusion are bound by this settlement order.

2. The undersigned also finds that the proposed class settlement is fair, reasonable, and adequate as to the class, plaintiffs, and defendants; that it is the product of good faith, arms-length negotiations between the parties; and that the settlement is consistent with public policy and fully complies with all applicable provisions of law. The settlement is therefore **APPROVED**.

3. Having considered class counsel's motion for attorney's fees, reimbursement of expenses, and an incentive award, the undersigned hereby awards class counsel attorney's fees of $870,718. Half of this amount shall be paid after the "effective date" as defined in the settlement agreement. The other half shall be paid when class counsel certify that all funds have been properly distributed and the file can be completely closed.

4. Class counsel shall also receive $217,128 as reimbursement for their litigation expenses, to be paid from the settlement fund.

**IT IS SO ORDERED**

Dated: June 20, 2019.

_____
WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE